Citation Nr: 1452665 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 10-28 762 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
 in North Little Rock, Arkansas


THE ISSUE

Entitlement to service connection for a left hip disability, to include as secondary to the service-connected right hip disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

Y. Venters, Associate Counsel
INTRODUCTION

The Veteran served on active duty from March 1979 to March 1982.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision by the RO.

In November 2010, the Veteran testified at a hearing conducted by the undersigned. A copy of the transcript is associated with the claims file.

In January 2014 the Board remanded the claim for further development. After completion of the requested development, the case has been returned to the Board. The RO is found to have complied with the Board's remand instructions. Stegall v. West, 11 Vet. App. 268, 271 (1998).

This appeal was processed using the Virtual VA and VBMS paperless claims processing systems. Accordingly, any future consideration of the Veteran's case should take into consideration the existence of these electronic records. 


FINDING OF FACT

The Veteran's left hip disability was caused or aggravated by his service-connected right hip disability. 


CONCLUSION OF LAW

The criteria for service connection for left hip disability have been met. 38 U.S.C.A. §§ 1131, 5107 (West 2002); 38 C.F.R. § 3.310 (2014).




REASONS AND BASES FOR FINDING AND CONCLUSION

The record reflects current left hip avascular necrosis and degenerative arthritis. The Veteran asserts that such disability is secondary to his service-connected right hip arthroplasty. 

Service connection may be established on a secondary basis for a disability that is shown to be proximately due to or the result of a service-connected disease or injury. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) caused by or (b) aggravated by a service-connected disability. 38 C.F.R. § 3.310. 

The Veteran was afforded a VA examination in January 2010. An addendum to the January 2010 report was provided in February 2014 by the same examiner. After examining the Veteran and reviewing the claims file, the VA examiner opined that the Veteran's current left hip condition was less likely than not related to his service-connected right hip condition. The examiner reasoned that the Veteran's left hip necrosis and degenerative arthritis is less likely than not related to the right hip since the Veteran has idiopathic avascular necrosis on the right side. The examiner indicated that although history of trauma has been raised, the literature supported trauma producing this type of hip problem would include displaced fractures of the femoral neck which are known to cause avascular necrosis; however, the Veteran has had no such injury or trauma and the evidence does not connect the left hip to the right hip based on cause or effect. 

The Veteran also submitted a statement, dated June 2014, from another private medical orthopedic doctor indicating that the Veteran has bilateral hip pain due to reported trauma and military service. After examining the Veteran, reviewing his medical records, and considering his statements, the physician opined that if the right hip is service connected, the left hip should be as well with respect to the same pathology at the initial presentation. The physician stated that the left hip pain may have been diminished compared to the right and may have been aggravated over time while protecting the right side and carrying the "weight" when in gait training after the total hip arthroplasty. 

Thus, the record contains medical opinions from two orthopedic physicians supporting and opposing the Veteran's claim. Furthermore, the explanations given by the private physicians are at least as plausible as that given by the VA examiner. 

Given the above, the Board finds that the weight of the probative evidence is at least in relative equipoise. Resolving reasonable doubt in the Veteran's favor, the Board finds that the Veteran's left hip disability was caused or aggravated by his service-connected right hip disability. Accordingly, service connection must be granted. See 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Service connection for left hip disability is granted.



____________________________________________
M. MAC
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs