Citation Nr: 1518701 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 07-39 989 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUE

Whether the character of the appellant's discharge from service constitutes a bar to the award of VA benefits.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The appellant and T.H.


ATTORNEY FOR THE BOARD

Nicole L. Northcutt, Counsel

INTRODUCTION

Per the appellant's DD Form 214, he served on active duty from April 1973 to August 1976; per the appellant's service personnel records, he served on active from January 1973 to August 1976.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a June 2007 administration decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana.

In December 2011, the Board reopened the claim on appeal and remanded it for further evidentiary development. Subsequently, the appellant requested to participate in a Board hearing, which was conducted in January 2014 before the undersigned Veterans Law Judge. In May 2014, the Board once again remanded the claim for further development, which has been completed. See Stegall v. West, 11 Vet. App. 268, 271 (1998).


FINDINGS OF FACT

1. The appellant was discharged from service after conviction by a general court martial, thereby constituting a bar to VA benefits.

2. The probative evidence of record fails to establish that the appellant was insane at the time he committed the acts that resulted in his general court martial conviction.


CONCLUSION OF LAW

The character of the appellant's discharge from service is a bar to VA benefits (exclusive of certain health care). 38 U.S.C.A. §§ 101, 5107, 5303 (West 2014); 38 C.F.R. §§ 3.1, 3.12, 3.102, 3.354 (2014).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA's Duties to Notify and Assist

VA has a duty to provide notice of the information and evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2014).

The instant claim on appeal stems from the appellant's claim to reopen, which was granted by the Board in December 2011. Thereafter, a December 2012 supplemental statement of the case informed the appellant of the regulations regarding when the conditions resulting in a service member's discharge from service bar his or her entitlement to VA benefits, as well as the criteria for overcoming this bar to benefits. The appellant's claim was subsequently readjudicated, as reflected by supplemental statements of the case issued in March 2013, July 2014, and August 2014, thereby curing any timing-of-notice defect. 

VA also has a duty to provide assistance to substantiate a claim. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c).

The appellant's service treatment and personnel records have been obtained. Post-service VA and private treatment records have also been obtained. Pursuant to the Board's December 2011 remand, additional service personnel records were obtained.

The appellant was provided a VA medical examination in August 2012. The examination, along with the medical opinion rendered in June 2014 pursuant to the Board's May 2014 remand directives, is sufficient evidence for deciding the claim. The examination report and medical opinions are adequate for adjudication purposes, as they are based upon consideration of the appellant's prior medical history and examinations, describe the appellant's in-service mental health with sufficient detail so that the Board's evaluation is a fully informed one, and contain reasoned explanations. Thus, VA's duty to assist has been met.
Factual Background

The appellant is seeking compensation for several disabilities that he contends are service-related; however, he was discharged from active service "under conditions other than honorable" after conviction by a general court martial, and the character of his discharge is a bar to VA benefits. The appellant asserts that he was insane, as defined by VA regulation, at the time he committed the offenses leading to this conviction, thereby providing a legal basis for overcoming this bar to benefits.

The relevant facts of the appellant's in-service behavior and post-service psychiatric history are set forth below.

In January 1973, the appellant entered active service, and in March 1973, he received punishment pursuant to Article 15 for striking a fellow service member with the butt of a rifle. The appellant's service personnel records reflect that in January 1974, he received punishment pursuant to Article 15 for disrespectful behavior towards a noncommissioned officer. In February 1974, he received punishment pursuant to Article 15 for leaving his post without permission, for failing to register his rifle, and for smoking marijuana. In March 1974, the appellant was barred from reenlistment after the termination of his service contract in January 1977. 

The appellant reports that in January 1974 or January 1975, he received a gunshot wound to the left knee; however, treatment for this injury is not documented in the appellant's service in-patient or out-patient treatment records.

In March 1975 and April 1975, the appellant was commended for his performance of his service duties. However, in May 1975, the appellant received punishment pursuant to Article 15 for assaulting a fellow service member and not reporting his related knowledge. In June 1975, the appellant was again commended for his performance of his service duties. However, that same month, the appellant also committed offenses for which he was convicted by general court martial in October 1975. Specifically, the appellant was convicted of disrespectful behavior towards a noncommissioned officer; disobeying an order from a noncommissioned officer; wrongfully appropriating an Army vehicle; disobeying an order from a commissioned officer; assaulting a commissioned officer by driving a vehicle into him; and for a subsequent period of AWOL.

In July 1975, the appellant received a medical profile for bilateral chondromalacia patella (an orthopedic bilateral knee disability). 

In October 1975, when the appellant was convicted by general court martial for offenses committed in June 1975, a resulting bad conduct discharge was ordered. During the appellant's appeal of the general court martial conviction, the appellant was convicted by special court martial of offenses committed from December 1975 to February 1976, namely leaving a post without permission and disrespecting a noncommissioned officer in December 1975 and a period of AWOL from January to February of 1976. In August 1976, the general court martial convictions were affirmed, and the appellant separated from service.

Gunshot wound residuals of the left knee were noted on a VA general medical examination performed in December 1977.

In April 1992, the appellant sought mental health treatment per his employer's recommendation, and the appellant was diagnosed with an adjustment reaction with anxiety and depression, and a "characterological issue" [personality disorder] was strongly suspected. 

In January 2010 and June 2012 statements, the appellant's treating psychologist reported treating the appellant since April 2005 and opined that the appellant has PTSD due to his in-service gunshot wound. 

In August 2012, the appellant underwent a VA psychiatric examination, during which the examiner diagnosed the appellant with PTSD (as a result of his in-service gunshot wound) and a personality disorder, not otherwise specified, but opined that the appellant was not insane at the time he committed the offenses leading to his bad conduct discharge. In support of this opinion, the VA examiner stated that the appellant's in-service and post-service patterns of maladaptive behavior, resulting from his personality disorder, preceded his reported gunshot wound that triggered his PTSD and that he demonstrated this maladaptive behavior when committing the acts leading to his general court martial conviction. The examiner stated that the appellant's in-service pattern of behavior was not consistent with symptoms of PTSD (which can have a delayed, i.e. post-service, onset after exposure to the PTSD stressor) or any other mood disorder, but rather were consistent with his long-standing personality disorder. 

In January 2013, the appellant's treating psychologist opined that the appellant was suffering from a significant psychiatric disorder that impaired his thinking and functioning following his in-service gunshot wound at the time he committed the acts resulting in his bad conduct discharge. The psychologist said that while the appellant did not demonstrate psychotic behavior in service, his impaired psychiatric state was evident by his aberrant, maladaptive, and hostile behavior towards his superiors and fellow service members.

In January 2014, the appellant participated in a Board hearing, at which time he continued to assert that he was psychologically impaired when he committed the acts leading to his bad character discharge as a result of his in-service gunshot wound, including as a result of his prescribed pain medications. However, the appellant's recollection of his actions during service was impaired, as he reported the acts forming the basis of his 1976 special court martial conviction as the basis for his discharge from service, when in fact he was discharged based on acts that formed the basis of his 1975 general court martial conviction. 

Pursuant to the Board's May 2014 remand directives, a VA medical opinion addressing the appellant's sanity during service was rendered in June 2014. The VA psychologist, per the Board's request, considered the regulatory definition of insanity sufficient to overcome the bar to benefits create by a bad conduct discharge, and stated that the appellant's psychiatric impairment evident during service was his personality disorder, which was manifested by the characterological/maladaptive behaviors that typify this impairment, including an antisocial pattern of behavior, disregard for authority and societal norms, and little empathy for others. The examiner cited the appellant's consistent history of maladaptive behavior prior to and after the time he reports sustaining a gunshot wound and stated that this behavior does not typify PTSD or any other Axis I mood disorder, but rather is characteristic of Axis II personality disorder traits. The examiner stated that the appellant's personality disorder traits were evident before and persisted after he reportedly incurred a gunshot wound, and that this chronology is more logical and reasonable than a conclusion that the appellant's behavior after his reported gunshot wound was the result of his PTSD symptoms. The examiner stated that the appellant's periodic recognition of commendable performance of his duties demonstrated that he was indeed sane during service and capable of making more adaptive and appropriate decisions when motivated to do so, but that his resolve to make such decisions was impeded by his pathological personality traits. 

Also in June 2014, the appellant's private treating psychologist submitted another medical opinion in which he expounded on his finding that the appellant was psychiatrically impaired during service. The psychologist stated that the appellant's primary psychiatric impairment, both during and after service, was PTSD triggered by his reported gunshot wound, and that the appellant's commission of maladaptive behaviors prior to service (as his 2012 VA examination report notes his high school expulsion for engaging in fights with fellow students) and prior to his reported gunshot wound were the result of his young and impulsive behavior, and not the manifestations of his personality disorder. Moreover, the psychologist stated that the appellant's maladaptive behavior demonstrated after his reported gunshot wound and his reports of experiencing depression and anxiety after sustaining this injury, are consistent with PTSD symptomatology. Further, based on the effects of his PTSD and his reports of being in extreme pain, as he reports he was denied pain medication when recovering from his gunshot wound, rendered him mentally impaired at the time of the commission of the offenses leading to his discharge from service. 

Relevant Laws and Regulations

The term "veteran" means a person who served in the active military, naval, or air service and who was discharged or released under conditions other than dishonorable. 38 C.F.R. § 3.1(d). 

The threshold question to be answered in every claim for VA benefits concerns the adequacy of the claimant's service for purposes of establishing basic eligibility. Applicable laws and regulations provide that most VA benefits are not payable unless the period of service upon which the claim is based was terminated by discharge or release under conditions other than dishonorable. 38 U.S.C.A.
§§ 101(2), 101(18), 5303 (West 2014); 38 C.F.R. § 3.12(a) (2014). 

Regulations further provide that a discharge or release for certain offenses is considered to have been issued under dishonorable conditions. 38 C.F.R. § 3.12(d). A discharge from military service as a result of a general court martial conviction is deemed dishonorable. 38 C.F.R. § 3.12(d). However, a discharge under dishonorable conditions will not constitute a bar to benefits if the individual was insane at the time of the commission of the offense(s) resulting in the discharge. 38 C.F.R. § 3.12(b). See also 38 U.S.C.A. § 5303(b); 38 C.F.R. § 3.354(b) (2014).

An insane person as one who, while not mentally defective or constitutionally psychopathic, except when a psychosis has been engrafted upon such basic condition, exhibits, due to disease, a more or less prolonged deviation from his normal method of behavior; or who interferes with the peace of society; or who has so departed from the accepted standards of the community to which by birth and education he belongs as to lack the adaptability to make further adjustment to the social customs of the community in which he resides. 38 C.F.R. § 3.354(a).

The phrase "due to disease" applies to all three circumstances provided in § 3.354(a). Gardner v. Shinseki, 22 Vet. App. 415, 419 (2009) (citing Zang v. Brown, 8 Vet. App. 246, 253 (1995)). Additionally, although insanity need not be causally connected to the misconduct that led to the discharge, it must be concurrent with that misconduct and requires competent medical evidence to establish a diagnosis. Gardner, 22 Vet. App. at 419 (citing Beck v. West, 13 Vet. App. 535, 539 (2000); Zang, 8 Vet. App. at 254-55). Moreover, common elements of insanity found in criminal law are not for application, but rather the specific definition set forth in § 3.354(a). See Gardner, 22 Vet. App. at 420.

Analysis

As noted above, the appellant was discharged from service after conviction by a general court martial, and as such, the character of his discharge (noted as under conditions other than honorable) is a bar to his eligibility for VA compensation benefits, absent a finding that he was insane at the time of the commission of the offenses for which he received his general court martial conviction.

The appellant contends that he was indeed insane at the time of his commission of these offenses because he had developed PTSD as the result of a gunshot wound injury he sustained to his left knee. At the outset, the Board notes that an opinion regarding the appellant's sanity during service is a complex medical determination requiring related expertise, which the appellant does not possess; therefore, the appellant's opinion regarding his sanity during service is not probative evidence that may be used to decide the claim. See Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). See also Gardner, 22 Vet. App. at 419.

The appellant is competent, however, to report incurring a gunshot wound of his left knee during service. See Layno v. Brown, 6 Vet. App. 465, 469-71 (1994). He has variously reported sustaining this injury in January 1974 or January 1975, and variously reported receiving or being denied pain medication for his residual injury. Regardless of the appellant's varying reports of the circumstances of his in-service injury, a VA examination performed in 1977 noted gunshot wound residuals of the left knee, thereby forming a reasonable basis for concluding that the appellant did indeed sustain this injury during service. However, no documentation of the exact date of this in-service injury is of record. 

In either scenario, that is if the appellant incurred his gunshot wound in January 1974 or January 1975, the appellant had an established pattern of maladaptive behavior prior to the time in which he sustained this injury. Specifically, during his 2012 VA examination, he reported engaging in fights in high school, for which he received disciplinary measures, and in March 1973, the appellant received punishment pursuant to Article 15 for striking a fellow service member with a rifle, all of which occurred prior to January 1974. Between January 1974 and January 1975, the appellant received two more punishments pursuant to Article 15, and by March 1975, the appellant had been barred from reenlistment. The appellant's treatment provider asserts that the appellant's maladaptive, assaultive behavior prior to January 1974 was the result of the impulsivity of youth, whereas the maladaptive behavior that occurred after January 1974, including his May 1975 personal assault and July 1975 vehicular assault, was the result of his PTSD symptomatology, which had rendered him insane as defined by VA regulation. 

However, the Board does not find this chronology persuasive, but rather finds the rationale of the VA opinions more convincing, namely that the appellant has a longstanding personality disorder, which resulted in his maladaptive behavior prior to, during, and after service, and which was detected by his 1992 private psychiatric treatment providers, his current private treatment provider, and the VA examiner. The examiner further noted that the appellant's in-service behaviors were not consistent with PTSD symptoms, but rather were consistent with the types of behavior that typify personality disorders, as the appellant was able to perform well when motivated to do so, as reflected by the three commendations he received in 1975. As the Board finds that the rationale provided by the VA examiner is more persuasive and consistent with the record, the Board accords this medical evidence more probative weight. 

Given that the more probative evidence establishes that the appellant's behavior resulting in his 1975 general court martial conviction was the result of his personality disorder, the Board notes that personality disorders are not diseases eligible for service connection, nor are they mental impairments that meet the regulatory definition of insanity. See VAOPGCPREC 20-97 (May 22, 1997). As to the appellant's representative's argument that due to the appellant's youth at the time he entered service, it is likely that his personality disorder manifested during service, the onset of the personality disorder or whether the personality disorder was aggravated beyond its natural progression during service is immaterial, as regardless of the manifestation or progression of the personality disorder, it is not a disorder that may be deemed to have rendered the appellant "insane." See id.

In sum, as the 2014 opinion, which concludes that the appellant was sane throughout service, is consistent with the evidence of record, considers the precise definition of insanity per VA regulations, and contains a detailed rationale, the Board finds that the medical opinion has great probative value. As the more probative evidence of record fails to establish that the appellant was insane under the § 3.354(a) definition when he committed the acts for which he was convicted by general court martial, the appellant's character of discharge remains a bar to his eligibility for VA benefits. Thus, the preponderance of evidence is against the claim; there is no doubt to be resolved, and the claim is denied. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


ORDER

The character of the appellant's discharge from service constitutes a bar to the award of VA benefits, and the appeal is denied.




____________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs