Citation Nr: 1536785 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 10-05 468 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to nonservice-connected burial benefits. 


REPRESENTATION

Appellant represented by: Florida Department of Veterans Affairs


ATTORNEY FOR THE BOARD

Evan M. Deichert, Counsel




INTRODUCTION

The Veteran's precise dates of service have not been confirmed. Discharge certificates submitted by the appellant indicate that the Veteran had active service from June 1953 to August 1956, and for some time before March 1953. VA has attempted to obtain military personnel records to confirm the Veteran's service; his records, however, were most likely destroyed in a 1973 fire. 

The Veteran died in March 2008; the appellant here is his surviving spouse. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of an August 2008 decision St. Petersburg, Florida, Regional Office (RO) of the Department of Veterans Affairs (VA).

This case was previously before the Board in June 2011; at that time, the Board remanded the case for further development. For reasons explained in greater detail below, the Board determines that there has been substantial compliance with its June 2011 remand directives, and that the case may move forward without prejudice to the appellant. 


FINDINGS OF FACT

1. The Veteran died in March 2008; at the time of his death, the Veteran was not service connected for any disease or disability. 

2. The Veteran's death occurred at a private hospital facility, and there is no evidence that he died during or following transportation from a VA facility. 

3. At the time of his death, the Veteran was not in receipt of VA disability compensation or pension benefits, nor has it been suggested that, but for the receipt of military retirement pay, he would have been in receipt of compensation. 

4. The Veteran did not have a claim for benefits pending at the time of his death. 

5. Though the Veteran served during a period of wartime, his body was not being held by a State.


CONCLUSION OF LAW

The criteria for nonservice-connected burial benefits have not been met. 38 U.S.C.A. § 2302 (West 2014); 38 C.F.R. §§ 3.1700-3.1713 (2014); 38 C.F.R. §§ 3.1600-3.1612 (2013). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duties to Notify and to Assist

VA has a duty to provide notice of the information and evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2014).

The resolution of the issue here, however, is wholly dependent on interpretation of the applicable laws and regulations pertaining to basic eligibility for VA nonservice-connected burial benefits. As such, the VCAA is inapplicable with respect to this case. See Dela Cruz v. Principi, 15 Vet. App. 143 (2001); Mason, 16 Vet. App. at 129; VAOPGCPREC 5-2004 (June 23, 2004).

That said, as the Board has previously remanded the appellant's case, it does have the responsibility to ensure that its directives have been completed. In its June 2011 remand, the Board instructed VA to provide the appellant with notice of how claims for burial benefits are substantiated; to obtain the Veteran's claims file (if it existed); to verify the Veteran's dates of service; and to readjudicate the appeal.

Each of those directives has been accomplished. The appellant was provided with additional notice in April 2012. The RO sought to obtain the Veteran's claims file, but discovered that no such file exists. It also sought to obtain additional records regarding the Veteran's service, but determined that his records were destroyed. Finally, the RO issued a supplemental statement of the case in March 2015. As each of the Board's directives has been completed, the case may move forward. Stegall v. West, 11 Vet. App. 268, 271 (1998).

II. Entitlement to Burial Benefits 

Effective July 7, 2014, VA amended its regulations governing entitlement to monetary burial benefits, which include burial allowances for service-connected and nonservice-connected deaths, a plot or interment allowance, and reimbursement of transportation expenses. Specifically, VA removed the current regulations (38 C.F.R. §§ 3.1600 through 3.1612) and replaced them with new §§ 3.1700 through 3.1713.

The final rulemaking is applicable to claims for burial benefits pending on or after July 7, 2014. While section 3.1702 explains that provisions regarding automatic payments to surviving spouses and priority of payments apply only to claims VA receives on or after July 7, 2014, the matter at hand does not involve the provisions regarding automatic payments to surviving spouses or priority of payments.

As this claim was pending at the time of the regulation change, the Board shall analyze the claim under both the old and the new regulations. 

Further, the appellant has never contended that the Veteran's death was related to his active service. Thus, only the nonservice-connected burial benefits regulations are for potential application, and service-connected burial benefits are not warranted. 

Under the previous regulations, in the case of a nonservice-connected death, entitlement to burial benefits is based upon the following conditions: (1) at the time of death, the veteran was in receipt of pension or compensation; or, (2) the veteran had an original or reopened claim for either benefit pending at the time of the veteran's death and in the case of a reopened claim there is sufficient prima facie evidence of record on the date of the veteran's death to show entitlement; or (3) the deceased was a veteran of any war or was discharged or released from active military, naval, or air service for a disability incurred or aggravated in line of duty, and the body of the deceased is being held by a State. U.S.C.A. § 2302(a) (West 2002); 38 C.F.R. § 3.1600(b) (2013).

Burial benefits may also be paid if a person dies from nonservice-connected causes while "properly hospitalized" by VA (in a VA or non-VA facility). 38 C.F.R. § 3.1600(c) (2013). Finally, if a Veteran dies en route while traveling under proper prior authorization and at VA expense to or from a specified place for purpose of examination, treatment, or care, burial expenses will be allowed as though death had occurred while properly hospitalized by VA. 38 C.F.R. § 3.1605(a) (2013).

The new regulation regarding nonservice-connected burial benefits is found at 38 C.F.R. § 3.1705. That regulation provides that a burial allowance is payable for a veteran who, on the date of his death: (1) was receiving VA pension or disability compensation; (2) would have been receiving disability compensation but for the receipt of military retired pay; or (3) had a pending claim for benefits, a claim to reopen a previously denied claim, or a claim involving substitution, any of which if processed to completion would result in a grant of benefits. 

As with the old regulation, burial allowance is also warranted for a veteran who died while hospitalized by VA or who died while traveling under proper prior authorization, and at VA expense, to or from a specified place for purpose of examination, treatment, or care. 38 C.F.R. § 3.1706. 

The basic facts of this case are not in dispute. Prior to his death, there is no evidence that the Veteran was receiving disability or pension benefits from VA, and there is no evidence that the Veteran had a claim pending at the time of his death. 

The Veteran died in March 2008. His death certificate reflects that he died at a private hospital in Florida. His body was transferred to a private funeral home, and he was later interred at Bay Pines National Cemetery. 

Given these facts, burial benefits are not warranted under either the old or the new criteria. Under the old criteria, such benefits are not warranted because the Veteran was not in receipt of compensation at the time of his death; because he had no claim for benefits pending at the time of his death; because his body was not held by a State; and because the Veteran was not hospitalized by VA or in transit to a VA facility at the time of his death. 38 C.F.R. § 3.1600(b) (2013).

Under the new regulations, the appellant's claim fails because the Veteran was not receiving VA pension or disability compensation; because there is no evidence that he would have been receiving disability compensation if not for the receipt of military retired pay; because he had no claim for benefits pending at the time of his death; and because his death did not occur while hospitalized by VA or while traveling to or from a VA facility. 38 C.F.R. § 3.1705(b).

The appellant is also not eligible for a plot or interment allowance. Under both the old and new regulations, such an allowance is only available to deceased veterans who were not buried or interred in a national cemetery. See 38 C.F.R. § 3.1600(f) (2013); 38 C.F.R. § 3.1707(a) (2014). As the Veteran here was interred at a national cemetery, the appellant is not eligible for a plot or interment allowance. 

The appellant's main contention is that the Veteran's 7 years of honorable service to his country should render her eligible for burial benefits. The Board acknowledges and appreciates the Veteran's honorable military service and is sympathetic to the loss his family has suffered. The Board, however, is bound by applicable law and regulations, and has no authority to grant benefits on an equitable basis. See 38 U.S.C.A. §§ 503, 7104 (West 2014); see also Harvey v. Brown, 6 Vet. App. 416, 425 (1994); Smith v. Derwinski, 2 Vet. App. 429, 432-33 (1992), citing Office of Personnel Management v. Richmond, 496 U.S. 414, 426 (1990) (holding that "no equities, no matter how compelling, can create a right to payment of the United States Treasury which has not been provided for by Congress."). 

The payment of burial benefits is strictly based on specific statutory and regulatory guidelines which have not been met in this case. There being no doubt to be resolved, entitlement to nonservice-connected burial benefits is not warranted.


ORDER

Entitlement to nonservice-connected burial benefits is denied. 



____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals




Department of Veterans Affairs