http://www.va.gov/vetapp16/Files4/1630478.txt

Citation Nr: 1630478 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 10-43 271 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in White River Junction, Vermont

THE ISSUE

Entitlement to service connection for a back disability, to include as secondary to service-connected pes planus.

REPRESENTATION

Appellant represented by: The American Legion

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

A.P. Armstrong, Associate Counsel

INTRODUCTION

The Veteran served on active duty from August 1973 to March 1974.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in White River Junction, Vermont. The Veteran testified before the undersigned in a May 2011 hearing. The hearing transcript was associated with the claims file. The Board remanded this claim in April 2013 and July 2015.

FINDINGS OF FACT

1. The weight of the evidence is against finding that pes planus caused the current back disability or that the back disability is otherwise related to service.

2. The evidence shows that pes planus aggravated the back disability.

CONCLUSION OF LAW

The criteria for service connection for permanent aggravation of a back disability have been met. 38 U.S.C.A. §§ 1110, 5103, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.310 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Procedural duties

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations require VA to provide claimants with notice and assistance in substantiating a claim. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a).

In July 2008, the RO sent the Veteran a letter, providing notice that satisfied the requirements of the VCAA. 

Next, VA has a duty to assist the Veteran in the development of claims. This duty includes assisting him in the procurement of pertinent treatment records and providing an examination when necessary. 38 C.F.R. § 3.159.

All available, identified medical records have been obtained and considered, including records from the Social Security Administration (SSA). VA provided examinations and medical opinions for the back claim in January 2010 and February 2010 and an opinion in September 2015. The examinations were thorough and detailed, and the medical opinions are adequate, because they considered all relevant evidence of record and provided rationale for conclusions.

The April 2013 Board remand requested an additional VA examination. The AOJ scheduled the Veteran for a VA examination twice: on May 31, 2013 and then on June 3, 2013. The record shows that he canceled the first examination and failed to attend the second examination. A note in the claims file shows that the Veteran's address was matched with that in the file to ensure he had received notice of the examination. Further, the supplemental statement of the case (SSOC) discussed the fact that the Veteran failed to attend the examination and requested that he contact VA if he wanted another examination scheduled. The Veteran's representative signed a response to the SSOC in June 2015 and also prepared informal hearing presentations but did not provide a reason for the missed examination. As such, the Board finds that the Veteran had notice prior to the examinations and with the issuance of the SSOC but chose not to attend or reschedule. The Veteran has a duty to assist and cooperate with VA in developing evidence; therefore, the Board finds an examination is no longer required. See 38 C.F.R. § 3.159(c).

Following the remand directives, the AOJ obtained an additional VA medical opinion for the claim. In so doing, the RO substantially complied with the remand directives, and a further remand is not required. See D'Aries v. Peake, 22 Vet. App. 97, 106 (2008); Stegall v. West, 11 Vet. App. 268 (1998). The Board has carefully reviewed the record and determines there is no additional development needed for the claims decided herein. 

As VA has satisfied its duties to notify and assist the Veteran, no further notice or assistance is required. See 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159.

II. Service connection

Service connection will be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). To establish entitlement to service-connected compensation benefits, a Veteran must show "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service-the so-called 'nexus' requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010). 

Alternatively, service connection may be granted on a secondary basis for a disability that is proximately due to or the result of (caused) or permanently worsened beyond its natural progression (aggravated) by a service-connected disease or injury. Allen v. Brown, 7 Vet. App. 439, 448-49 (1995) (en banc); 38 C.F.R. § 3.310.

The Board must consider all the evidence of record and make appropriate determinations of competence, credibility, and weight. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). When there is an approximate balance of positive and negative evidence regarding any material issue, all reasonable doubt will be resolved in favor of the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102.

The Veteran is competent to describe symptoms observable by his senses but not to determine the cause of a back disability as this requires specialized medical knowledge and training to understand the complexities of the musculoskeletal system. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

The Board has reviewed the record and finds that the criteria for service connection for permanent aggravation of the back disability have been met. 38 C.F.R. §§ 3.303, 3.310.

First, the evidence shows a current back disability. The January 2010 examiner diagnosed degenerative disc disease. VA records show treatment for back pain.

Next, the evidence does not show an in-service injury to the back, but the Veteran is service connected for pes planus as an avenue for secondary service connection. Service treatment records are silent for complaints of or treatment for back problems. The Veteran has also not alleged an injury or in-service incurrence. The Veteran had a Medical Board review and was discharged because of his pes planus. He is currently service-connected for pes planus.

The Veteran contends that his service-connected pes planus exacerbates his back problems. See Board hearing. The evidence shows that the Veteran had post-service work injuries to his back. A June 1985 treatment record notes acute thoracic muscle strain from heavy lifting. In a December 1997 note, January 2002 SSA records, and the January 2010 examination, the Veteran reported in 1987 he had a broken facet joint that was fused. He reported that the break was due to a work-related incident when he was working for a trucking company unloading sides of beef and twisted the wrong way. See January 2010 examination. He noted that he first started having problems in his back in the 1980s after the work injury. See Board hearing, January 2002 SSA. The January 2010 examiner found that there was no link between pes planus and the development of degenerative disc disease, which seemed to be traumatic in origin beginning after an accident in 1987. Indeed, the record shows that the Veteran had symptomatic pes planus beginning in service but he did not report having problems with his back until the 1980s, several years afterward. Based on the evidence, the Veteran's back disability was caused by a post-service work injury, not service-connected pes planus. With no evidence of in-service cause and no causal connection to pes planus, service connection for the back disability on a direct basis cannot be established. See 38 C.F.R. §§ 3.303, 3.310.

Nevertheless, the evidence shows that pes planus aggravated the back disability. During the Board hearing, the Veteran reported that doctors had agreed with him that his foot condition aggravated his back problems. The September 2015 examiner consulted a podiatrist who wrote that pes planus may reduce the shock absorbing features of the foot, potentially contributing to lower back pain. The examiner then concluded that the Veteran's current low back disability is at least as likely as not aggravated beyond the natural progression by service-connected pes planus. He went on to explain that it is difficult to provide a baseline level of disability for the back, because pes planus was a constant prior to the 1987 injury and his back appeared normal, with no complaints at that time. Post 1987, he has an extensive low back history and the pes planus leads to a degree of aggravation that at best would be moderate due to the altered body mechanics from an abnormal gait and the abnormal pressures then placed on his spine. See 2015 opinion. Based on the Veteran's reports and the examiner's opinion, service connected pes planus aggravates the back disability to a moderate amount. Service connection is granted on that basis. See 38 C.F.R. §§ 3.303, 3.310.

ORDER

Service connection for moderate aggravation of degenerative disc disease is granted.

____________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs