http://www.va.gov/vetapp16/Files4/1634319.txt

Citation Nr: 1634319 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 08-29 898 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee

THE ISSUE

Entitlement to reimbursement of the surviving spouse's final expenses, including her last sickness and burial, claimed as accrued benefits.

REPRESENTATION

Appellant represented by: The Veterans Assistance Foundation, Inc. 

ATTORNEY FOR THE BOARD

John Francis, Counsel 

INTRODUCTION

The Veteran served on active duty from February 1943 to January 1946. 

This appeal comes before the Board of Veterans' Appeals (Board) from a May 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office in Nashville, Tennessee. 

In a September 2008 substantive appeal, the appellant requested a hearing before the Board sitting at the RO. The appellant did not appear for a hearing scheduled in July 2009 with no good cause shown. Therefore, the appellant's request for a hearing is considered withdrawn. 38 C.F.R. § 20.703 (2015). 

In March 2010, the Board remanded the claim for clarification of the benefit sought, proper notice, and opportunity for full participation by the appointed representative. 

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system.

FINDINGS OF FACT

1. The appellant is the son, fiduciary, and payee for special monthly pension benefits for his mother, the Veteran's surviving spouse. 

2. The surviving spouse died on November [redacted], 2007. 

3. All benefits to which the surviving spouse was entitled at the time of her death were paid. 

CONCLUSION OF LAW

The criteria for payment of accrued benefits are not met. 38 U.S.C.A. § 5121 (West 2014); 38 C.F.R. § 3.1000 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duty to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 
38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2015).

Adequate notice was not provided prior to the May 2008 initial decision on the claim for accrued benefits. In response to instructions in a March 2010 Board remand, the RO provided adequate notice in November 2012 followed by readjudication of the claim in a March 2016 supplemental statement of the case with an opportunity to respond. 

In June 2009, the appellant appointed the veterans service organization captioned above as representative without limitation. In the March 2010 remand, the Board directed that the representative be afforded the opportunity to present argument in support of the appellant's appeal. In August 2013, September 2013, December 2013, and April 2014, the RO contacted the representative, requesting a submission of argument if desired. No response was received. In correspondence to the appellant in June 2015, the RO reported that the representative organization's president advised that they focused only on housing issues and not claims, but would he would not modify the representation authorization without consultation with the appellant. No action was taken by the representative or the appellant to revoke or limit the scope of representation. Therefore, the Board finds that the June 2009 appointment without limitation remains in effect, and that the appellant and representative have been afforded the opportunity to respond but did not do so. 

Therefore, the Board finds that there has been substantial compliance with its March 2010 remand instructions. See Stegall v. West, 11 Vet. App. 268 (1998); D'Aries v. Peake, 22 Vet. App. 97, 105 (2008). As the appellant has not identified any shortcomings in fulfilling VA's duty to notify and assist, the Board will proceed to review and decide the claim based on the evidence that is of record.

II. Analysis

The Veteran died in January 1991. The Veteran's surviving spouse was in receipt of special monthly pension with aid and attendance benefits until the time of her death on November [redacted], 2007. The appellant is the surviving spouse's son and was the legal guardian and payee of the pension benefits. 

In a March 2008 claim, a June 2008 notice of disagreement, and a September 2008 substantive appeal, the appellant noted that as the surviving spouse's son and fiduciary, he requested payments that were due to his mother at the time of her death for last debts that included funeral expenses. He noted in a March 2008 letter that the pension benefits stopped on November 1, 2007 and her expenses continued after that date. The appellant submitted invoices for medical and home assistance care provided prior to his mother's death, funeral expenses, and taxes, home utilities, and repairs dated before and after the death. 

In a May 2008 decision, the RO denied an allowance for plot and internment expenses because burial was in a National Cemetery or a cemetery under the jurisdiction of the U.S. Government. However, the state death certificate indicates that internment took place in a private cemetery. Nevertheless, VA burial benefits including funeral expenses, plot allowance, flags, markers, and transportation are provided only for a deceased veteran and not for surviving spouses or other beneficiaries. 38 U.S.C.A. §§ 2301-08 (West 2014); 38 C.F.R. §§ 3.1700-10 (2015). 

Accrued benefits may be paid to the Veteran's surviving spouse, children, dependent parents, and certain other individuals who incur costs on behalf of the Veteran or beneficiary. 38 U.S.C.A. § 5121(a); 38 C.F.R. § 3.1000(a). Accrued benefits are benefits to which an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at the date of death, and are due and unpaid. 38 U.S.C.A. § 5121(a). The benefits are not limited to reimbursement of expenses unless the claimant is not a spouse, child, or dependent parent. However, regardless of the expense, accrued benefits are only those to which the deceased beneficiary was entitled but not paid. 

The effective date of discontinuance of a pension by reason of death of the payee is the last day of the month in which the death occurs. 38 U.S.C.A. § 5112 (b). In this context, the payee refers to the beneficiary, not the fiduciary payee. 

In correspondence in January 2008, the RO informed the appellant that he had been appointed as fiduciary, that it had "released" withheld benefits due from February 1, 2007, through January 31, 2008, that the payments would be received within 15 days, and instructed that the payments were to be used for the benefit of the beneficiary. The RO was first informed of the surviving's spouse's death in February 2008 when it received a copy of the death certificate and a returned government check for benefits for the month of February. 

In May 2008, the RO informed the appellant that there was no accrued amount payable, meaning that all benefits to which the surviving spouse was entitled at the date of death were paid. 

The Board finds that payment of accrued benefits is not warranted because all benefits to which the deceased surviving spouse was entitled, specifically special monthly pension through the last day of the month of death, were paid. The RO certified that the benefits were paid, and the January 2008 letter suggests that the appellant may have received benefits through January 31, 2008. Even if the last monthly payment was on November 1, 2007, it represented benefits due through the last day of November, the month of the surviving's spouse's death. No additional funds remain for any reimbursement purposes. 

ORDER

Payment of accrued benefits including reimbursement of the surviving spouse's final expenses is denied.

____________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs