Citation Nr: 1719228 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 05-11 659 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU). 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

A. Tenney, Associate Counsel 



INTRODUCTION

The Veteran served on active duty from July 1966 to July 1968. He died in December 2013. The appellant is the Veteran's surviving spouse, who is substituted as the appellant for purposes of adjudicating the issue on appeal. See 
38 U.S.C.A. § 5121A (West 2014) (allowing for substitution in case of death of a claimant who dies on or after October 10, 2008).

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2003 rating decision by the RO in Oakland, California, which granted an increased rating of 10 percent for the service-connected hepatitis. 

In February 2007, the Board denied a rating in excess of 10 percent for hepatitis and the Veteran appealed to the United States Court of Appeals for Veterans Claims (Court). In an August 2009 Memorandum Decision, the Court vacated the Board's February 2007 decision and remanded the case for additional development. 

In September 2012, the Board again denied a rating in excess of 10 percent for the service-connected hepatitis and remanded the appeal to RO to adjudicate the issue of entitlement to a TDIU pursuant to Rice v. Shinseki, 22 Vet. App. 447 (2009). The Veteran appealed the September 2012 Board decision to Court to the extent that it denied a rating in excess of 10 percent for hepatitis. In a February 2014 Memorandum Decision, the Court vacated the Board's September 2012 decision denying a rating in excess of 10 percent for hepatitis. Subsequently, in a July 2013 rating decision, the RO granted a 100 percent disability rating for the hepatitis, effective October 10, 2012. 

This case was previously before the Board in September 2014, where the Board granted a 40 percent rating for hepatitis for the period from March 13, 2003 to October 10, 2012, and, in pertinent part, remanded the TDIU issue on appeal for additional development, to include providing the appellant with proper notice and initial adjudication of the TDIU issue on appeal. As the instant decision dismisses the issue on appeal, the Board need not discuss its responsibilities under Stegall v. West, 11 Vet. App. 268 (1998). 


FINDING OF FACT

In a February 2017 statement, prior to the promulgation of a decision in the present appeal, the appellant withdrew the issue of a TDIU. 


CONCLUSION OF LAW

The criteria for the withdrawal of a substantive appeal have been met regarding the appeal as to a TDIU. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. 
§ 20.204 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Withdrawal of Issue on Appeal

Under 38 U.S.C.A. § 7105, the Board may dismiss any appeal that fails to allege a specific error of fact or law in the determination being appealed. A veteran may withdraw a substantive appeal by telling the Board of the decision to withdraw either in writing or on the record at a Board personal hearing. 38 C.F.R. § 20.204. 

In a February 2017 statement, prior to the promulgation of a decision in the present appeal, the appellant withdrew the substantive appeal as to the issue of TDIU. Subsequently, a May 2017 VA Report of General Information reflects that the appellant confirmed the request to withdrawal the appeal. As the appellant has withdrawn the appeal regarding the issue of a TDIU, there remain no allegations of errors of fact or law for appellate consideration as to this issue. Accordingly, the Board does not have jurisdiction to review the issue, and the issue will be dismissed.


ORDER

The appeal as to a TDIU is dismissed. 




____________________________________________
J. Parker 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs