Citation Nr: 1722253 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 06-30 805 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUE

Entitlement to an initial disability rating in excess of 70 percent for posttraumatic stress disorder (PTSD). 


REPRESENTATION

Appellant represented by: Military Order of the Purple Heart of the U.S.A.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Cheryl E. Handy, Counsel


INTRODUCTION

The Veteran served on active duty from November 1965 to September 1967, to include service in the Republic of Vietnam, for which he earned the Combat Infantryman Badge and the Purple Heart Medal.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a rating decision issued in October 2004 by the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California.

In September, 2009, the Veteran appeared at a Board hearing before the undersigned Veterans Law Judge. A transcript of that hearing is in the claims file.

This case was previously before the Board in December 2009, when the Board granted an initial disability rating of 70 percent and no higher for PTSD. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court), which in October 2010 granted a Joint Motion for Remand (JMR) of the parties (VA Secretary and the Veteran), vacated the Board's decision, and remanded the case pursuant to 38 U.S.C. § 7252(a) for readjudication consistent with the Motion.

This matter was then before the Board in April 2011 when it was remanded to the Agency of Original Jurisdiction (AOJ) for further development, to include obtaining additional medical records and providing the Veteran an updated VA examination. As the requested development has been completed, no further action to ensure compliance with the remand directive is required. Stegall v. West, 11 Vet. App. 268 (1998).



FINDING OF FACT

In written correspondence received by the Board in December 2016, prior to the promulgation of a decision by the Board, the Veteran withdrew his appeal for an initial disability rating higher than 70 percent for PTSD.


CONCLUSION OF LAW

The appeal for an initial disability rating higher than 70 percent for PTSD is withdrawn and the Board does not have appellate jurisdiction to review the claim. 38 U.S.C.A. §7105(d)(5) (West 2014); 38 C.F.R. § 20.204 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA, codified in part at 38 U.S.C.A. §§ 5103, 5103A, and implemented in part at 38 C.F.R § 3.159, amended VA's duties to notify and to assist a claimant in developing information and evidence necessary to substantiate a claim. The VCAA applies to the instant claim. However, inasmuch as the Veteran has withdrawn his appeal, there is no need to address any deficiencies in providing notice or assistance to the Veteran.

The Claim Withdrawn

A substantive appeal may be withdrawn in writing at any time before the Board promulgates a decision. Withdrawal of a substantive appeal may be made by the Veteran. 38 C.F.R. § 20.204.

In a letter received by the Board in December 2016, the Veteran withdrew his appeal for an initial disability rating higher than 70 percent for PTSD.

As there remains no allegation of error of fact or law for appellate consideration with respect to this claim, the Board does not have appellate jurisdiction to review it. 38 U.S.C.A. § 7105.


ORDER

The appeal for an initial disability rating higher than 70 percent for PTSD is dismissed.




____________________________________________
James L. March
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs