Citation Nr: 1730410 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 13-15 066 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Appellant represented by: National Association of County Veterans Service Officers


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

C. Teague, Associate Counsel

INTRODUCTION

The Veteran, who is the appellant in this case, served on active duty in the United States Air Force from July 1966 to May 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) located in Lincoln, Nebraska. This appeal was processed using both the Virtual VA paperless claims processing system and the Veterans Benefits Management System (VBMS). Accordingly, any future review of this case should take into consideration the existence of this electronic record.

In July 2015, the Veteran testified before the undersigned Veterans Law Judge (VLJ). A transcript of the hearing has been associated with the Veteran's electronic claims file.

In October 2015, after the issuance of the Statement of the Case, the Veteran submitted additional evidence for the Board to consider as part of the appeal. Because the Veteran filed his Substantive Appeal, in May 2013, and did not request review of the evidence by the Agency of Original Jurisdiction (AOJ), the Board will proceed with the adjudication of the claim and review the newly submitted evidence. 38 U.S.C.A. § 7105(e) (West 2014).

In September 2015, the Board remanded this matter to the Agency of Original Jurisdiction (AOJ) for additional development. The case is once again before the Board for appellate consideration of the issue on appeal. Stegall v. West, 11 Vet. App. 268 (1998).


FINDING OF FACT

Bilateral hearing loss is etiologically related to service.

CONCLUSION OF LAW

Resolving reasonable doubt in favor of the Veteran, the criteria for establishing service connection for bilateral hearing loss have been met. 38 U.S.C.A. §§ 1110, 1154(b) (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.385 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duty to Notify and Assist

The claim for service connection bilateral hearing loss has been considered with respect to VA's duties to notify and assist. The Board notes the Veteran was not issued a Supplemental Statement of the Case following the September 2015 Board Remand. However, given the favorable outcome adjudicated herein (service connection for bilateral hearing loss), no conceivable prejudice to the Veteran could result from this decision and further explanation of how VA has fulfilled the duties to notify and assist is not necessary. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993).

Service Connection for Bilateral Hearing Loss

The Veteran contends the bilateral hearing disability was caused by noise exposure during active service. Specifically, he contends he developed bilateral hearing loss due to in-service exposure to noise from aircraft engines and work performed on the flight line. He is already service-connected for bilateral tinnitus.

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303 (a). Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 
(Fed. Cir. 2009); 38 C.F.R. § 3.303 (a).

Next, service connection may also be granted for a disease first diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Additionally, service connection may be awarded if a chronic disease, such as sensorineural hearing loss, manifests itself and is identified as such in service, or within the presumptive period under 38 C.F.R. § 3.307, and the Veteran presently has the same condition, unless the condition is clearly attributable to intercurrent causes. 38 U.S.C.A. § 1112; 38 C.F.R. §§ 3.307, 3.309; see Walker v. Shinseki, 708 F.3d 1331, 1336 (Fed. Cir. 2013). If a chronic disease is noted during service but is either not chronic or the diagnosis could be legitimately questioned, then a showing of continuity of related symptomatology after discharge is required in order to grant service connection. 38 C.F.R. §§ 3.303 (b); Walker, 708 F.3d at 1336.

Service connection for impaired hearing shall only be established when hearing status as determined by audiometric testing meets specified pure tone and speech recognition criteria. Audiometric testing measures threshold hearing levels (in decibels) over a range of frequencies (in Hertz). Hensley v. Brown, 5 Vet. App. 155, 158 (1993).

The determination of whether a veteran has a disability based on hearing loss is governed by 38 C.F.R. § 3.385. For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The Board first finds that the Veteran has a current bilateral hearing disability for VA purposes. Specifically, the Veteran was afforded a VA examination in April 2013 which revealed pure tone thresholds of 55, 65, and 75 decibels at 2000, 3000, and 4000 Hertz in the left ear. Pure tone thresholds in the Veteran's right ear were 60 decibels at 2000, 3000, and 4000 Hertz. Therefore, the Veteran meets the VA criteria for a hearing loss disability bilaterally. 38 C.F.R. § 3.385.

The Board next finds that the Veteran was exposed to loud noise during active military service. The Veteran has competently reported being exposed to the loud noise of aircraft on the flight line. The DD Form 214 shows that the Veteran served with an Air Force Specialty Code of Weapons System Mechanic. The Veteran's competent account of being exposed to military noise from aircraft engines is consistent with the places, types, and circumstances of his service and is, therefore, credible. 38 C.F.R. § 1154(a).

On the Veteran's April 1966 entrance examination, pure tone thresholds, in decibels, were as follows:




HERTZ



500
1000
2000
3000
4000
LEFT
0(15)
0(10)
0(10)
0(10)
0(5)
RIGHT
0(15)
0(10)
0(10)
0(10)
0(5)

Prior to October 31, 1967, service department audiometric results were reported in standards set forth by the American Standards Association (ASA). Since November 1, 1967, those standards have been set by the International Standards Organization (ISO)-American National Standards Institute (ANSI). In order to facilitate data comparison above, the ASA standards have been converted to ISO-ANSI standards. The ASA pure tone thresholds as noted in the Veteran's service treatment records are represented by the value not contained in parentheses, while the converted ISO-ANSI pure tone threshold are contained in the parentheses.

On the Veteran's March 1970 separation examination, left ear pure tone thresholds, in decibels, were as follows:




HERTZ



500
1000
2000
3000
4000
LEFT
20
15
10
15
20
RIGHT
20
10
10
10
15

Turning to a nexus between the Veteran's current hearing loss and in-service noise exposure, there are three opinions of record. The January 2013 VA audiologist opined the Veteran's current hearing loss was less likely than not related to military service. The only rationale provided was that at the Veteran's separation from service, his right ear was normal and the left ear was non-disabling for VA purposes.

In April 2013, the same VA audiologist issued an addendum opinion to address the in-service hearing threshold shifts that the Veteran experienced. The VA audiologist again found that the Veteran's hearing loss was normal at separation and added that there was no scientific basis for delayed onset hearing loss.

In October 2015, the Veteran's private audiologist found that the Veteran's current hearing loss was at least as likely as not due to his in-service service noise exposure. The private audiologist had access to Veteran's Service Medical Records and upon review of them noted the in-service threshold shift in the Veteran's bilateral hearing. The private audiologist supported the opinion by noting that the Veteran experienced significant in-service noise exposure and reported no recreational noise exposure after service. The private audiologist also considered lay statements provided by the Veteran that during the performance of his military duties he would experience a temporary decrease in hearing after aircraft cannons were fired.

The Board finds the October 2015 private audiologist's opinion more probative than the January 2013 VA audiologist's opinion and subsequent April 2013 addendum. Specifically, the October 2015 private audiologist's opinion provided a detailed rationale and adequately took into consideration the Veteran's lay testimony. In contrast, the both the January 2013 VA medical opinion and April 2013 addendum lack a rationale beyond the Veteran's pure tone threshold results at separation. As such, the October 2015 private audiologist opinion provides a better basis for the Board to form a fully informed decision.

The Board finds the October 2015 private medical opinion, thorough and adequate and provides a sound basis upon which to base a decision with regard to the issue adjudicated in this decision. The opinion considers the pertinent evidence of record, to include the statements of the Veteran, and provide rationales for the opinions stated. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007).

The Board finds that the evidence is at least in equipoise on the question of whether currently diagnosed bilateral hearing loss is related to service. The Veteran is competent to report when his symptoms of hearing loss began and a private audiologist determined that it was at least as likely as not that the Veteran's hearing loss was the result of his military service. Resolving all reasonable doubt in favor of the Veteran, the criteria for a grant of service connection have been met. 38 U.S.C.A. § 5107 (West 2014).


ORDER


Service connection for bilateral hearing loss is granted.



____________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs