Ralph L. STEGALL, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 97–78.

United States Court of Veterans Appeals.

June 26, 1998.

Before NEBEKER, Chief Judge, and FARLEY and GREENE, Judges.

## UNITED STATES COURT OF VETERANS APPEALS

NEBEKER, Chief Judge:

The appellant, Ralph Stegall, appeals a January 8, 1997, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to an increased evaluation for headaches, currently evaluated as 10% disabling. Upon consideration of the briefs of the parties and the record on appeal, the Court will vacate the BVA decision and remand the veteran's claim seeking an increased evaluation for his headaches for the following reasons.

## I. FACTS

Mr. Stegall served on active duty in the U.S. Marine Corps from June 1968 to February 1971, including a tour of duty in Vietnam. Record (R.) at 342. In July 1972, he was granted service connection for "headaches due to tension with paroxysmal electroencephalographic dysrhythmia," and rated at 10% disabling. R. at 70. In November 1993, the Board denied entitlement to an increased evaluation for headaches, and Mr. Stegall appealed to this Court. R. at 432–39. Pursuant to a joint motion for remand, the Court vacated the November 1993 BVA decision and remanded the matter to the BVA. R. at 447. Following the Court's remand, the Board, in August 1995, further remanded the claim, and included, inter alia, the following instruction in the remand order:

3. The veteran then should be afforded a special neurology examination to determine the nature and severity of any current neurological disorder with associated headaches. Any indicated evaluations, studies, and tests deemed necessary by the examiner should be accomplished. The examination report should include a detailed industrial history, and the frequency and extent of headaches should be reported as accurately as possible to include time lost from work. The examiner should also be requested to reconcile any diagnosis with those given the veteran over the years and

Theodore D. Peyser, New York City and Steven W. Myhre, on briefs for appellant.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; Joan E. Moriarty, Deputy Assistant General Counsel; and Daniel G. Krasnegor, Washington, DC, on brief for appellee.

to provide opinions as to (1) the most likely etiology of the veteran's headaches and (2) the degree of probability, if any, that his current headaches are associated with the headaches he reported in service. The rationale for any conclusions should be reported. It is essential that the veteran's *claims file* be made available to the examiner for review in connection with the evaluation. The examination should be conducted regardless of whether additional treatment records are obtained.

4. The veteran should also be afforded a VA psychiatric examination to assist in determining the etiology of the veteran's headaches. Any necessary tests should be conducted. Specifically, the examiner should be requested to provide an opinion, with supporting rationale, as to whether there is a psychiatric component to the veteran's complaints of headaches and the extent to which a psychiatric pathology, including a personality disorder, might account for the veteran's complaints. The veteran's *claims file* must be made available to the examiner for a complete study of the case in connection with the evaluation.

R. at 481–82.

Following the Board remand, VA neurology and psychiatric examinations were scheduled at the Dallas VA medical center (VAMC). However, the veteran was admitted to the Waco VAMC before he was able to undergo the examinations. *See* R. at 507, 526. Mr. Stegall was hospitalized from March to June 1996 for "evaluation of his mental status." R. at 526. His discharge notes from the Waco VAMC, stated that "[a]t the present time the patient is feeling better with his current medication, support from staff, and structure of the hospital," however, "recurrent headaches probably related to anxiety or stress" were diagnosed. Supplemental (Suppl.) R. at 9. In June 1996, the veteran received a neurological evaluation. Suppl. R. at 3–9. He was diagnosed with headache and neckache, and the examiner opined that the etiology of his headaches was difficult to ascertain. *Id.*

In August 1996, the RO confirmed and continued the 10% rating, but found that the veteran was entitled to a 100% schedular rating for post-traumatic stress disorder (PTSD). R. at 640–44. The Board's January 1997 decision noted that the veteran complained of debilitating headaches 4–5 times per week, but noted that during his period of hospitalization, only one headache required bed rest. R. at 1–8. In denying the increased rating the Board found that "the headaches as described in the medical records, which the Board finds to be the most reliable evidence, are not of the severity and frequency contemplated" by a higher rating. R. at 8.

## II. ANALYSIS

Before this Court, Mr. Stegall argues that the Secretary failed to follow the earlier remand instructions, and further that the Secretary erred in failing to consider whether the veteran was entitled to an extraschedular rating under 38 C.F.R. § 3.321(b). While the Secretary has argued for affirmance as to the veteran's increased rating claim, the Court holds that a remand is necessary because the veteran's medical examination in this case was inadequate, and because of the RO's failure to follow the 1995 BVA remand. In its decision, the Board relied heavily on the report of Mr. Stegall's three-month hospitalization, during which the veteran was receiving medication and treatment for PTSD. R. at 7–8. The Board found that the lack of evidence of headaches during that hospitalization was sufficient to warrant denial of an increased rating. *Id.* This finding, however, ignores the Board's 1995 remand order, and fails to address whether there was a psychiatric component to his complaints of headache. Both the Board and the Secretary before this Court ignore the fact that no psychiatric evaluation independent of the PTSD hospitalization was conducted despite the earlier remand order. *Cf. Hicks v. Brown,* 8 Vet.App. 417, 421 (1995) (Board reliance on inadequate medical examination cause for remand).

Without regard to the remand instructions, the Board evaluated Mr. Stegall based on the PTSD evaluation and hospitalization from early 1996. *See* 38 C.F.R. § 4.2 (1994) (if report does not contain sufficient detail, rat-

ing board must return report as inadequate for evaluation purposes); *see also Ardison v. Brown*, 6 Vet.App. 405, 407 (1994) (inadequate examination frustrated judicial review). The Court holds that the VA examination provided to Mr. Stegall was inadequate for evaluation purposes, and therefore, the Court will remand the claim with directions that the Secretary order an additional medical examination that complies with all pertinent statutory and regulatory requirements. Additionally, the earlier BVA remand required that the claims file be made available for both examinations, but there is no evidence in the medical reports that Mr. Stegall's file was available during the PTSD hospitalization, which the Board relied on, or during the neurology examination. As the record reveals that the VA medical examination did not comply with the directions found in the 1995 BVA remand order, the Court's review is frustrated, and the matter will be remanded for additional development. *Cf. Booth v. Brown*, 8 Vet.App. 109, 111 (1995).

The protracted circumstances of this case and others which have come all too frequently before this Court demonstrate the compelling need to hold, as we do, that a remand by this Court or the Board confers on the veteran or other claimant, as a matter of law, the right to compliance with the remand orders. We hold further that a remand by this Court or the Board imposes upon the Secretary of Veterans Affairs a concomitant duty to ensure compliance with the terms of the remand, either personally or as the "the head of the Department." 38 U.S.C. § 303. It matters not that the agencies of original jurisdiction as well as those agencies of the VA responsible for evaluations, examinations, and medical opinions are not under the Board as part of a vertical chain of command which would subject them to the direct mandates of the Board. It is the Secretary who is responsible for the "proper execution and administration of all laws administered by the Department and for the control, direction, and management of the Department." 38 U.S.C. § 303. Moreover, the Secretary is by statute both the one to whom a veteran may appeal an initial denial as a matter of right (38 U.S.C. § 7104(a)), and a party, represented by the General Counsel, to every appeal before this Court (38 U.S.C. § 7263(a)). Finally, we hold also that where, as here, the remand orders of the Board or this Court are not complied with, the Board itself errs in failing to insure compliance. While it is true that where an appellant has not been harmed by an error in a Board determination, the error is not prejudicial (*see* 38 U.S.C. § 7261(b)) ("Court shall take due account of the rule of prejudicial error"), the Court cannot say, based on the record before it, that the appellant here has not been harmed. The Court takes this opportunity to remind the Secretary that the holdings of this decision are precedent to be followed in all cases presently in remand status. *See Tobler v. Derwinski*, 2 Vet.App. 8 (1991).

## III. CONCLUSION

Under the authority and the obligation ("shall") of the Court to "compel action of the Secretary unlawfully withheld or unreasonable delayed" (38 U.S.C. § 7261(a)(2)), the Board's January 8, 1997, decision is VACATED and the matter REMANDED with a direction that the Secretary promptly comply with the previous and present remands of this Court and the Board consistent with the requirement for expedited proceedings. *See* § 302 of the Veterans Benefits Improvement Act of 1994, Pub.L. No. 103–446, 108 Stat. 4645, 4648 (1994) (found at 38 U.S.C. § 5101 note). On remand, the appellant will be free to submit additional evidence and argument, and the Board must seek any other evidence it thinks is necessary to the resolution of the appellant's claim. *Quarles v. Derwinski*, 3 Vet.App. 129, 141 (1992). Finally, the Court trusts that the appellant's argument regarding entitlement to an extraschedular rating under 38 C.F.R. § 3.321(b) will be addressed by the Board on remand.