Citation Nr: 1331593 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 10-37 966 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Entitlement to service connection for type II diabetes mellitus, as secondary to herbicide exposure.


ATTORNEY FOR THE BOARD

N. Sonia, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1968 to June 1972.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a May 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas.

In a December 2012 decision, the Board remanded the claim for entitlement to service connection for type II diabetes mellitus, as secondary to herbicide exposure, to obtain the Veteran's service personnel records (SPRs). Review of the record reflects the Veteran's SPRs been associated with the claims file. As such, the Board finds the RO/AMC complied with remand orders and appellate review may continue. See Stegall v. West, 11 Vet. App. 268 (1998). 

The Board has not only viewed the Veteran's physical claims file, but also the Veteran's file on the "Virtual VA" system to insure a total review of the evidence. 


FINDING OF FACT

The Veteran's was exposed to herbicides during the course of his Vietnam service. 


CONCLUSION OF LAW

The criteria for service connection for type II diabetes mellitus have been met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1116, 1131, 5107 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2013).



REASONS AND BASES FOR FINDING AND CONCLUSION

In this case, the Veteran contends that his diabetes mellitus was caused by exposure to herbicides, including Agent Orange, to which he was exposed during his Vietnam service. The Veteran has identified more than one incident in which he could have been exposed to herbicides, as reflected in his February 2008 claim and September 2010 substantive appeal. Of particular importance to this claim, the Veteran has asserted that while stationed on the USS Midway near Vietnam, he was sent into Da Nang to retrieve sensitive electronic parts from downed aircraft. 

Generally, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303(a) (2013). 

A veteran who served in the Republic of Vietnam during the Vietnam War is presumed to have been exposed to an herbicide agent, such as Agent Orange, unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service. 38 U.S.C.A. § 1116(f); 38 C.F.R. § 3.307(a)(6)(iii). 

Certain diseases have been associated with exposure to herbicide agents and will be presumed by VA to have been incurred in service even though there is no evidence of such disease during such period of service, including, among others, type II diabetes mellitus. 38 C.F.R. § 3.309(e). 

In Haas v. Peake, 525 F.3d 1168, 1187-1190 (Fed. Cir. 2008), the United States Court of Appeals for the Federal Circuit (Federal Circuit) confirmed VA's interpretation of 38 C.F.R. § 3.307(a)(6)(iii) as requiring a service member's presence at some point on the landmass or inland waters of Vietnam in order to benefit from the regulation's presumption. 

A Veteran who never went ashore from a ship on which he served in Vietnamese coastal waters is not entitled to presumptive service connection due to alleged Agent Orange/herbicide exposure. See Haas at 1193-1194; see also VAOPGCPREC 7-93 (holding that service in Vietnam does not include service of a Vietnam era Veteran whose only contact with Vietnam was flying high-altitude missions in Vietnamese airspace); see also VAOPGCPREC 27-97 (holding that mere service on a deep-water naval vessel in waters off shore of the Republic of Vietnam is not qualifying service in Vietnam). 

In addition, the Federal Circuit in Haas held that "service in Vietnam" will not be presumed based upon the Veteran's receipt of a Vietnam Service Medal (VSM). Id. 

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant. 

The critical question in this case is whether the Veteran did, in fact, go ashore to retrieve sensitive electronic parts from downed aircraft, which would allow the Veteran the presumption that his diabetes mellitus is the result of his exposure to herbicides. In this regard, the Veteran's statements are credible and consistent with his service. 

First, a November 1971 Report of Enlisted Performance Evaluation identified the Veteran's primary duty as an F-4 Autopilot Repair Technician and also identified other assigned duties, including, very importantly, "shore patrol duties." 

This description comports with the Veteran's previous statements, including his July 2009 statement in which he indicated he specialized in "autopilot repair of F4 'Fantom' aircraft" and that he went ashore to retrieve electronic equipment from downed aircraft. In short, the Veteran's descriptions of his activities during service are consistent with the information in his SPRs. 

The Veteran's descriptions are also consistent with the historical research information obtained by the Center for Unit Records and Research (CURR). The November 1971 evaluation report covers the time period of May 2, 1971 through November 1, 1971, which includes the time period in which the USS Midway was stationed near Vietnam, as verified by the March 2009 CURR response. Furthermore, the Veteran's unit was credited with Vietnam service for several periods of time, including May 1, 1971 through June 1, 1972. 

In sum, the evidence of record supports the Veteran's claim for service connection for type II diabetes mellitus, as presumed under law to have been caused by exposure to herbicides. The benefit sought is therefore granted. 

ORDER

Service connection for type II diabetes mellitus, as secondary to herbicide exposure, is granted.



____________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs