http://www.va.gov/vetapp16/Files4/1630473.txt

Citation Nr: 1630473 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 12-02 880 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington

THE ISSUE

Entitlement to waiver of recovery of an overpayment of VA disability benefits in the amount of $1,699.60.

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

K. M. Georgiev, Associate Counsel

INTRODUCTION

The Veteran served on active duty from January 1976 to January 1979, November 2003 to April 2005, and from June 2008 to October 2009.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle Washington which, in relevant part, terminated the Veteran's VA compensation benefits, effective June 1, 2008 to October 8, 2009, due to his receipt of military pay for active service during that time. 

In July 2012, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge. A transcript of this hearing is associated with the claims file. 

The Board remanded this case in August 2014 for the RO to provide an accounting of the debt in question; the accounting has been provided and associated with the claims file. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (a remand by the Board confers upon the claimant, as a matter of law, the right to compliance with the remand instructions); see also D'Aries v. Peake, 22 Vet. App. 97, 105 (2008). 

In evaluating this case, the Board has reviewed the Veteran's electronic file on the Virtual VA and VBMS systems to ensure a complete assessment of the evidence.

FINDINGS OF FACT

1. An overpayment of VA disability benefits in the amount of $1,699.60 was validly created. 
 
2. The creation of an overpayment, in the amount of $1,699.60, was not the result of fraud, misrepresentation, or bad faith on the part of the Veteran. 
 
3. VA was largely at fault in the creation of the overpayment.
 
4. Recovery of the overpayment in the amount of $1,699.60 would be against equity and good conscience.
 

CONCLUSION OF LAW

Resolving any doubt in the Veteran's favor, the criteria for waiver of recovery of the overpayment of VA dependency benefits in the amount of $1,699.60 are met. 38 U.S.C.A. § 5302 (West 2014); 38 C.F.R. §§ 1.962, 1.963(a) (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Legal Criteria

Once it is determined that the indebtedness was validly created, a finding of fraud, misrepresentation, or bad faith by the debtor in the creation of the overpayment precludes waiver of the overpayment. See 38 C.F.R. §§ 1.962, 1.963, 1.965(b). 

The Board must therefore consider whether collection of the debt would be against equity and good conscience. The phrase "equity and good conscience" means arriving at a fair decision between the obligor and the government. See 38 C.F.R. 
 § 1.965. In making this determination, consideration will be given to the following elements, which are not intended to be all-inclusive: (1) Fault of the debtor - where actions of the debtors contribute to the creation of the debt; (2) Balancing of faults - weighing fault of the debtor vs. the fault of the VA; (3) Undue Hardship - whether collection would deprive the debtor or family of basic necessities; (4) Defeat the purpose - whether withholding of benefits or recovery would nullify the objective for which benefits were intended; (5) Unjust enrichment - failure to make restitution would result in unfair gain to the debtor; (6) Changing position to one's detriment - reliance on VA benefits results in relinquishment of a valuable right or incurrence of a legal obligation. 38 C.F.R. § 1.965.

Facts

The Veteran was in receipt of VA disability benefits for a 10 percent rating effective November 2005. 

In May 2008, VA received the Veteran's waiver of VA compensation to receive military pay for 68 drill days in fiscal year 2007. He also requested that VA stop his compensation payments "at the end of June 2008" as he would be in full-time military status from then until approximately August 1, 2009. In a July 2008 letter, the RO notified the Veteran that effective September 1, 2008, VA would withhold $115.00 of his $117.00 monthly VA compensation benefit to account for his receipt of military pay for 68 drill days in fiscal year 2007. His full $117.00 monthly benefit was continued effective November 9, 2008. The RO did not address the Veteran's May 2008 request that his monthly VA compensation benefit be stopped due to his activation into active service from June 2008 to approximately August 2009. In December 2008, the RO received a VA and DMDC/V ADIR Activation Match indicating that the Veteran entered active duty on August 18, 2008.

In April 2009, VA received from the Veteran a waiver of VA compensation to receive military pay for 161 drill days in the 2008 fiscal year. 

On August 18, 2009, VA received the Veteran's request that his VA compensation benefits which were [supposed to have been] suspended due to his activation into active service be restarted following his discharge from active service. In an October 2009 letter, the RO notified the Veteran that effective November 1, 2009, $117.00 of his $123.00 monthly VA compensation benefit would be withheld to account for his receipt of military pay for 161 drill days in fiscal year 2008. His full $123.00 monthly benefit was to continue effective April 12, 2010. The letter also notified the Veteran of the RO's proposal to stop his monthly VA compensation benefit payments effective June 8, 2008, due to his return to active duty, which would resume at the $123.00 rate, effective October 9, 2009. The letter notified the Veteran that such adjustment may result in an overpayment of benefits paid to him and that if the proposed action was implemented and resulted in overpayment, VA would notify him of the exact amount of overpayment and provide repayment information. The letter further stated that his monthly benefit payments would continue at the present rate for 60 days following the date of the notice so that he may submit evidence showing that the proposed action should not be taken.

In a December 2009 decision, the RO terminated the Veteran's compensation payments, effective June 1, 2008, due to his return to active service. His combined 10 percent disability rating was continued from October 9, 2009.

In a February 2010 letter, the RO notified the Veteran that effective June 1, 2008, the Veteran's monthly VA compensation benefit was terminated due to his return to active duty and it was reinstated effective October 9, 2009, the date after his release from active service. Effective November 1, 2009, $115.00 of his $123.00 monthly VA compensation benefit was withheld to account for military pay he received for 72 drill days in fiscal year 2007. Effective January 9, 2010, $117.00 of his $123.00 monthly VA compensation benefit was withheld for his receipt of military pay for 161 days of drill pay in fiscal year 2008. Effective June 20, 2010, his full $123.00 monthly VA compensation benefit was continued. This letter suggests that the RO planned to recoup benefit payments paid to the Veteran during his period of active service from June 2008 to October 2009 and for military pay that he received for drill duty for 161 days in fiscal year 2008. In any event, the RO further indicated that it had already withheld benefit payments for drill pay received in fiscal year 2007 and that it had begun withholding VA compensation payments for military pay received for 161 drill days in fiscal year 2008. However, because those withholdings occurred while he was on active duty, the RO moved the beginning dates for the withholdings to November 1, 2009. It was noted that such actions had created an overpayment. 

In his notice of disagreement received by VA on February 19, 2010, the Veteran requested a response as to why his VA compensation benefits were not stopped during his period of active service from June 1, 2008 to October 9, 2009 as he had requested in May 2008. 

In a February 23, 2010 letter, the VA Debt Management Center (DMC) notified the Veteran that he had been overpaid $1,699.60 in VA compensation benefits. He was notified that since he was receiving VA benefits, the VA planned to withhold those benefits until the amount overpaid is recouped. 

In compliance with the August 2014 Board remand, the RO completed an accounting of the debt. The accounting associated with the record confirmed that the debt amount of $1,699.60 is based on VA's payment of compensation benefits to the Veteran during periods in which he was receiving military pay for active service from June 2008 to October 2009 and drill duty during fiscal year 2007.

Analysis

The Board finds waiver of recovery of the overpayment of VA disability benefits in the amount of $1,699.60 appropriate.

VA and the Veteran agree that there is a valid debt. At issue are 68 drill days in 2007 and active duty from June 1, 2008 to October 8, 2009; the Veteran was paid disability benefits for these time periods, when in fact he was not eligible to receive the benefits, creating the overpayment of $1,699.60. The Veteran does not dispute the debt. Further, there is no indication of fraud, misrepresentation, or bad faith by the Veteran in the creation of the overpayment. For both time periods, the Veteran notified VA that he was ineligible to receive payments.

The Board must therefore consider whether collection of the debt would be against equity and good conscience. The Board finds that requiring the Veteran to pay this debt, which was incurred by no fault of his own, is unfair in this case.

The bulk of the overpayment stems from the Veteran's active duty from June 1, 2008 to October 8, 2009, during which he was deployed to Iraq. The Veteran notified VA, in a letter received early May 2008, of this active duty deployment, and requested that his payments be withheld. However, the RO did not react to this request until October 2009, after the Veteran returned from his deployment and sent an August 2009 letter requesting that the benefits which were [supposed to have been] suspended be reinstated. 

The Board balances the Veteran's perspective, that he informed VA of his deployment and returned to be notified of an outstanding debt of $1,699.60, a large sum of money for an individual, with VA's perspective, that the Veteran was overpaid $1,699.60. Upon balance of harms, and in light of VA's failure to process the Veteran's notification of deployment in a timely manner, the Board finds waiver of recovery appropriate on these facts.

ORDER

Entitlement to waiver of recovery of an overpayment of VA disability benefits in the amount of $1,699.60 is granted.

____________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs