﻿Citation Nr: 18106784
Decision Date: 05/31/18 Archive Date: 05/31/18

DOCKET NO. 98-16 078A
DATE: May 31, 2018
REMANDED
Entitlement to an evaluation for a cervical spine disability greater than 30 percent prior to January 13, 2006, and greater than 40 percent thereafter, to include entitlement to an extraschedular evaluation throughout the entire appeal period, is remanded. 
Entitlement to a total disability rating based on individual unemployability (TDIU) due to service connected disabilities, to include on an extraschedular basis, is remanded.
REASONS FOR REMAND
The Veteran had active service from April 1969 to April 1971.
The Board issued decisions regarding the appeal for a higher rating for the cervical spine disability, in April 2000, October 2003, and April 2009. Following each decision, the Veteran appealed to the United States Court of Appeals for Veterans Claims (Court). In January 2001 and August 2004, the Court granted the parties’ Joint Motions for Remand. Most recently, in April 2009, the Board awarded a 40 percent evaluation for the Veteran’s cervical spine disability, effective January 13, 2006, but denied a rating higher than 30 percent prior to that date or greater than 40 percent thereafter. The Veteran appealed the decision and the Court issued a memorandum decision in June 2011, partially vacating the Board decision. 
The case was returned to the Board in May 2012. At that time, the Board took jurisdiction over the TDIU claim in compliance with the Court’s memorandum decision and the holding in Rice v. Shinseki, 22 Vet. App. 447 (2009). In May 2012 and December 2015, the Board remanded the claims for additional development.
1. Entitlement to an evaluation for a cervical spine disability greater than 30 percent prior to January 13, 2006, and greater than 40 percent thereafter, to include entitlement to an extraschedular evaluation throughout the entire appeal period, is remanded.
In the May 2012 and December 2015 remands, the Board directed the AOJ to submit the increased rating claim to the Director of Compensation and Pension (Director) for extraschedular consideration as the Board is not able to grant an extraschedular rating in the first instance. As discussed in the December 2015 remand, the Director did not address the claim for higher evaluations for the cervical spine disability in his April 2015 opinion, but rather only addressed the claim for TDIU. Following the December 2015 remand, the AOJ did not refer the claim to the Director as requested. Thus, the appeal must be remanded to comply with the May 2012 and December 2015 remand orders. See Stegall v. West, 11 Vet. App. 268 (1998) (A remand by the Board confers upon the claimant, as a matter of law, the right to compliance with the remand order).
Additionally, in December 2015, the Board instructed that the Veteran be afforded a VA examination of his cervical spine disability. The Board appreciates that the AOJ attempted to accomplish this directive in July 2016, November 2016, and August 2017. However, none of the examiners adequately addressed the functional loss associated with flare-ups and repetitive use. Additionally, none of the examiners provided the requested retrospective opinion regarding flare-ups reported during the December 2012 examination or explained why such opinion could not be provided. Indeed, such inadequacy appears to be the reason that the AOJ sought the additional examinations in November 2016 and August 2017. 
In Sharp v. Shulkin, 29 Vet. App. 26, 33 (2017), the Court held that for an examination to comply with § 4.40, the examiner must express an opinion on whether pain could significantly limit functional ability and the examiner’s determination in that regard should, if feasible, be portrayed in terms of the degree of additional range-of-motion loss due to pain on use or during flare-ups. Further, if the examiner states that he or she is unable to offer such an opinion without resorting to speculation, such opinion must be based on all procurable and assembled medical evidence, to include eliciting relevant information from the veteran as to the flare-up -i.e. the frequency, duration, characteristics, severity, or functional loss, and such opinion cannot be based on the insufficient knowledge of the specific examiner. 
The Veteran’s attorney has requested that the Veteran be offered another VA examination given the deficiencies in the recent VA examinations. See September 2017 Attorney Brief. As the present claim for increase may be rated under former criteria which provide for higher ratings without ankylosis, the Board agrees that another examination with an adequate assessment of functional loss during flare-ups or following repetitive use is necessary to properly rate the claim. 
2. Entitlement to a total disability rating based on individual unemployability (TDIU) due to service connected disabilities, to include on an extraschedular basis is remanded.
As stated above, the AOJ did not seek another opinoin from the Director of Compensation and Pension as directed by the December 2015 remand. 
Additionally, because a decision on the issue regarding higher evaluations for the cervical spine disability could significantly impact a decision on the issue of entitlment to TDIU, the issues are inextricably intertwined. A remand of the claim for TDIU is required.
Finally, any outstanding VA treatment records should also be obtained. The most recent VA treatment records in the file are dated in July 2016.
The matters are REMANDED for the following action:
1. Obtain any outstanding VA treatment records dated since July 2016. 
2. Afford the Veteran a VA examination to determine the current severity of his cervical spine disability. The electronic claims file must be made available to and be reviewed by the examiner. All tests deemed necessary should be conducted and the results reported in detail. 
The VA examiner should conduct range-of-motion testing and provide commentary regarding symptoms, including painful motion, functional loss due to pain, excess fatigability, weakness, and additional disability during flare-ups and following repetitive use. The examiner should provide the range of motion measurement indicating where pain began, if appropriate. The examiner should inquire as to periods of flare-ups, and note the frequency and duration of any flare-ups. The examiner should assess the additional functional impairment during flare-ups in terms of the degree of additional range of motion loss. 
If it is not feasible to estimate any additional range of motion loss during flare-ups or following repetitive use, without resort to speculation, the examiner must provide an explanation for why this is so; the examiner should endeavor to provide an adequate estimation of the additional loss of function due to flare-up or repeated use, to the best of his/her ability.
The examiner should also specifically attempt to estimate any additional functional impairment of the Veteran’s cervical spine disability due to flare-ups reported during the December 2012 VA examination, to the best of his/her ability, based on the data available in the claims file and based on the present examination of the Veteran. If it is not feasible to determine without resort to speculation, the examiner must provide an explanation for why this is so.
Additionally, the examiner should indicate whether there is any ankylosis, either favorable or unfavorable, of the Veteran’s cervical spine. 
The examiner should also indicate whether any intervertebral disc syndrome of the cervical spine causes incapacitating episodes. Identify the number of incapacitating episodes involving physician-prescribed bed rest, if any, within a 12-month period.
3. The RO/AMC should contact the Veteran and his representative and request that he complete and submit a VA Form 21-8940, and associate the form with the claims file. The form should be completed for the years 1998 through 2017. Ask the Veteran to provide IRS tax returns from 1998 through 2017 and a statement that the copy is an exact duplicate of the return filed with the IRS. Provide the Veteran with an IRS Form 4506-T “Request for Transcript of Tax Return” which may also be found at https://www.irs.gov/pub/irs-pdf/f4506t.pdf so that the Veteran may request tax returns from 1998 through 2017 and submit them to VA. Tell the Veteran that if he does not have copies of his tax returns for the requested years, he may use the IRS form cited to above.
4. Following completion of items 1 2, and 3, the AOJ shall again refer the Veteran’s claims for increased evaluation for his cervical spine disability and entitlement to TDIU to the Director of Compensation and Pension Services for extraschedular consideration under 38 C.F.R. §§ 3.321 and 4.16(b), respectively, for appropriate opinions. The entire electronic claims file must be submitted to the Director for review in conjunction with rendering these opinions. 
The Director is reminded that there are three (3) questions concerning extraschedular consideration that must be addressed: 
a.) Whether extraschedular evaluation greater than 30 percent is warranted for the Veteran’s cervical spine disability prior to January 12, 2006, under 38 C.F.R. § 3.321. 
b.) Whether extraschedular evaluation greater than 40 percent is warranted for the Veteran’s cervical spine disability for the period beginning January 13, 2006, under 38 C.F.R. § 3.321. 
c.) Whether an extraschedular TDIU is warranted for the entire period under 38 C.F.R. § 4.16 (b), if the Veteran’s cervical spine disability precludes substantially gainful employment. The Board requests that the Director consider the evidence in the claims file in forming his opinion, particularly the August 2017 VA examiner’s findings that the Veteran would not be able to work with a welder’s mask or hood.
 

5. Following any additional indicated development, the AOJ should readjudicate the Veteran’s claims. If the benefits sought on appeal remain denied, the Veteran and his attorney should be furnished a supplemental statement of the case and given the opportunity to respond before the case is returned to the Board.
. 
MARJORIE A. AUER
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Donna D. Ebaugh, Counsel