Citation Nr: 1829728 
Decision Date: 07/18/18 Archive Date: 07/24/18

DOCKET NO. 12-20 282 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to a compensable disability rating for hypertension.


REPRESENTATION

Appellant represented by: Florida Department of Veterans Affairs


ATTORNEY FOR THE BOARD

M. Macek, Associate Counsel


INTRODUCTION

The Veteran served on active duty from May 1961 to December 1980 in the United States Navy.
This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

The Board remanded the case in September 2016 and September 2017 for further development. The Veteran's treatment records have been obtained and made part of the record. Additionally, the Veteran was afforded a VA examination to determine the current severity of his hypertension. The Board finds there has been substantial compliance with its remand directives. Stegall v. West, 11 Vet. App. 268, 271 (1998).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2).


FINDING OF FACT

While the Veteran requires use of continuous medication for control of his hypertension; at no time during the pendency of the appeal was his systolic blood pressure predominantly 160 or more, or his diastolic blood pressure predominantly 90 or more. 


CONCLUSION OF LAW

The criteria for a compensable disability rating for hypertension have not been met. 38 U.S.C. § 1155; 38 C.F.R. § 4.104, Diagnostic Code (DC) 7101.



REASONS AND BASES FOR FINDING AND CONCLUSION

Increased Ratings

Disability evaluations are determined by evaluating the extent to which a Veteran's service-connected disability adversely affects his or her ability to function under the ordinary conditions of daily life, including employment, and by comparing his or her symptomatology with the criteria set forth in the Schedule for Rating Disabilities. The percentage ratings represent, as far as can practicably be determined, the average impairment in earning capacity resulting from such diseases and injuries, and the residual conditions in civilian occupations. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbation or illness proportionate to the severity of the several grades of disability. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Separate Diagnostic Codes (DC) identify the various disabilities and the criteria for specific ratings. Any reasonable doubt regarding the degree of disability will be resolved in favor of the veteran. 38 C.F.R. § 4.3.

A Veteran is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence. 38 C.F.R. § 3.102; see Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Hypertension

The Veteran was service-connected for hypertension and assigned a noncompensable evaluation as part of a November 1981 rating decision. He was diagnosed with labile hypertension with an onset in March 1966. No subsequent readings were noted in service. The Veteran's blood pressure readings were measured as 130/86, 120/84, and 130/88. The record was negative for cardiovascular pathology at the time of the November 1981 rating decision.

The Veteran is currently assigned a noncompensable evaluation for his hypertension. 38 C.F.R. §4.104, Diagnostic Code (DC) 7101.

In every instance where the rating schedule does not provide a non-compensable evaluation for a diagnostic code, a non-compensable evaluation shall be assigned when the criteria for a compensable rating are not met. 38 C.F.R. § 4.31.

A 10 percent rating is assigned for diastolic pressure predominantly 100mm or more, systolic pressure predominantly 160mm or more, or for an individual with a history of diastolic pressure predominantly 100mm or more who requires continuous medication for control. A 20 percent rating is assigned for diastolic pressure predominantly 110mm or more or systolic pressure predominantly 200mm or more. A 40 percent rating is assigned for diastolic pressure predominantly 120mm or more. A 60 percent rating is assigned for diastolic pressure predominantly 130mm or more. 38 C.F.R. § 4.104 , DC 7101.

 A diagnosis of hypertension must be confirmed by readings two or more times on at least three different days. Id. at Note (1). However, Note (1) applies only to confirming the existence of hypertension and is not required for an adequate rating examination. Gill v. Shinseki, 26 Vet. App. 386, 391 (2013).

The Veteran contends that he should be afforded a compensable rating for his hypertension. He argues that he takes hypertensive medications to control his hypertension disability. Additionally, he acknowledged that he has observed his blood pressure readings above 100 mm/Hg diastolic before he started taking his medications. The Veteran's representative argues that the Veteran is competent to report fluctuations in blood pressure. Additionally, the representative asks the Board to consider extraschedular evaluation of the Veteran's hypertension as it presents an exceptional disability picture. The representative argues that there is medical evidence to show a correlation between the Veteran's service connected hypertension and his service connected coronary artery disease. See February 2018 Appellate Brief.

The evidence in this case contains numerous blood pressure readings taken during the appeal period. However, at no point did the Veteran's hypertension meet the requirements under 38 C.F.R. § 4.104 , DC 7101, Note 1.

The Veteran was afforded a VA examination for his hypertension in November 2016. The examiner confirmed a diagnosis of hypertension with an onset in the 1960's. The Veteran is prescribed Lisinopril 10 mg and Aspirin 81 mg for his hypertension. The examiner noted that it was not known whether the Veteran's initial diagnosis of hypertension was confirmed by blood pressure readings taken 2 or more times on at least three different days. Review of recent blood pressure readings measured as follows: 156/84 on November 3, 2016, 138/70 on October 2016, and 112/64 on October 3, 2016. The average blood pressure was measured as 135/72. The Veteran had a history of chronic ischemic heart disease with coronary angioplasty in July 1997. The Veteran also had a CVA treated with Plavix and aspirin with no recurrence. The Veteran was found to be asymptomatic for CVA residuals. The Veteran's hypertension did not cause any adverse functional impact on the Veteran's ability to work.

The Veteran submitted a daily blood pressure log spanning 2016 and 2017. See February 2018 Correspondence. While the Board recognizes several sporadic measurements of elevated blood pressure, these readings did not confirm a diagnosis of hypertension by readings two or more times on at least three different days as required by 38 C.F.R. § 4.104 , DC 7101, Note 1. On the contrary, most of the Veteran's blood pressure measurements were within normal limits. For these reasons, the submitted blood pressure log offers limited probative value. 

Review of the Veteran's records from November 2009 to November 2018 indicate a noncompensable disability rating for hypertension. Blood pressure readings were measured as the following: on March 25, 2010 as 110/54; on April 15, 2010 as 130/66; on November 4, 2010 as 141/66 and 144/70; on April 5, 2011 as 148/67; on October 18, 2011 as 140/51 and 132/60; on May 4, 2012 as 130/55 and 121/56; on July 17, 2012 as 118/62 on May 23, 2013 as 134/65; on May 7, 2014 as 128/55; on May 20, 2015 as 134/71; on May 5, 2016 as 123/65; on October 19, 2016 as 147/61 and 138/70; on April 6, 2017 as 138/67; and on November 7, 2017 as 156/75 and 158/71. The Board recognizes that the Veteran has been on continuous medication for blood pressure control. However, there is nothing on the record to confirm that his blood pressure measured predominantly greater than 160 mm/Hg systolic or greater than 90 mm/Hg diastolic as per 38 C.F.R. § 4.104, DC 7101, Note 1. The benefit-of-the-doubt rule does not apply as medical evidence is against the claim showing that the Veteran's hypertension has remained stable and noncompensable throughout the pendency of the appeal.

The Veteran's representative argues that the Veteran's presents with an exceptional disability picture to warrant extraschedular consideration. According to Thun v. Peake, 22 Vet App 111 (2008), there is a three-step inquiry for determining whether a Veteran is entitled to an extraschedular rating. With respect to the first prong of Thun, the evidence in this case does not show such an exceptional disability picture that the available schedular evaluation for the service-connected disabilities is inadequate.

The Board finds that the Veteran's cardiovascular disabilities are adequately addressed in the General Schedule. The Board recognizes the representative's argument that there may be a correlation, or relationship, between the Veteran's cardiovascular symptomatology that makes his disability exceptional and not adequately contemplated within the schedule. However, the Veteran is assigned a 30 percent for his coronary artery disease associated with hypertension due to cardiac hypertrophy and metabolic equivalents (METs) which were related to his hypertension. Additionally, the Veteran's hypertension remains stable and there is no evidence that it manifests to a compensable degree. Considering the Veteran was diagnosed with labile hypertension, which was shown to be stable through the Veteran's treatment history, the Board finds that the schedular criteria reasonably describe his disability level regarding hypertension. Therefore, the Board has determined that referral of this claim for extra-schedular consideration pursuant to 38 C.F.R. § 3.321 (b)(1) is not warranted.

CONTINUED ON NEXT PAGE



ORDER

Entitlement to a compensable disability rating for hypertension is denied.



____________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs