﻿Citation Nr: 19158999
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 14-23 898
DATE: July 30, 2019

REMANDED

Entitlement to service connection for a left knee disability is remanded.

Entitlement to service connection for a right knee disability is remanded.

REASONS FOR REMAND

The Veteran had active duty service in the United States Army from July 1957 to July 1960 and from August 1963 to August 1966. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico.

This matter was previously before the Board in February 2016 and September 2016 and was remanded for further evidentiary development.

In July 2017, the case was returned to the Board. At that time, the Board remanded the Veteran’s knee claims because the Board found the November 2016 VA examiner’s opinion to be inadequate. Specifically, the Board noted that the examiner did not provide an analysis regarding the Veteran’s duties as a paratrooper, and the examiner did not comment on the favorable evidence provided by Veteran’s private doctor. Moreover, the Board noted that the examiner did not consider if the Veteran’s bilateral knee disability could have been caused or aggravated by his service-connected lumbar and cervical spine disorders. Lastly, the Board noted that the examiner’s opinion relied on the absence treatment in the Veteran’s medical history. 

1. Entitlement to service connection for a left knee disability is remanded.

2. Entitlement to service connection for a right knee disability is remanded.

Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran’s claims so that he is afforded every possible consideration.

In the July 2017 remand, the Board requested a medical opinion from an examiner that has not already provided an opinion in this case. However, the Board notes that the examiner who provided medical opinions in October 2017 and December 2018 is the same examiner that examined the Veteran and provided opinions in November 2016. Accordingly, the actions previously sought by the Board are necessary for a proper adjudication of the Veteran's appeal and there has not been substantial compliance with the remand orders; therefore, the matter must be remanded once again for compliance with the previous order/completion of the actions sought. Stegall v. West, 11 Vet. App. 268 (1998) (holding that where the remand orders of the Board are not satisfied the Board itself errs in failing to ensure compliance).

The matters are REMANDED for the following action:

1. Obtain the Veteran’s VA treatment records from April 13. 2017, to the present. 

2. Schedule the Veteran for a VA examination. Assign a new examiner that has not already provided an opinion in this case. After a review of the claims file, the examiner should provide answers to the following questions:

(A). Is it at least as likely as not (50 percent probability or greater) that the Veteran's bilateral knee disability had its onset in service or is related at least in part to service? 

(B). Is it at least as likely as not that the Veteran's bilateral knee disability manifested itself in the first post-service year? 

(C). Given the Veteran's age and the current severity of his bilateral knee disability, is it at least as likely as not that the etiology of the bilateral knee disability was the Veteran's active military service and the duties involved with being a paratrooper?

(D). Is it as least as likely as not that the claimed bilateral knee disability was caused or aggravated by any of the Veteran's service connected disabilities (lumbar strain and cervical strain)?

In providing all of the requested opinions, the examiner should consider the Veteran's competent lay claims regarding the observable symptoms he has experienced. 

In providing the requested opinions, the examiner cannot rely exclusively on the absence of relevant treatment in the Veteran's medical history. 

The examiner should also specifically comment on the May 9, 2013, medical opinion provided by Dr. Valentin. 

The VA examination report must include a complete rationale for all opinions expressed. 

If the examiner feels that any of the requested opinions cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training).

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Rescan, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.