﻿Citation Nr: 19172643
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 14-22 686
DATE: September 18, 2019

REMANDED

Entitlement to service connection for a cervical spine disorder is remanded.

Entitlement to service connection for a left ankle disorder is remanded.

Entitlement to service connection for a left foot disorder is remanded.

Entitlement to service connection for a right knee disorder is remanded.

Entitlement to service connection for a left knee disorder is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Navy from April 1969 to January 1973, and from June 1974 to January 1991.

This case comes before the Board of Veterans’ Appeals (Board) on appeal from rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.

The Veteran testified at a Board videoconference hearing before the undersigned Veterans Law Judge in July 2017. The transcript is of record.

1. The claims for entitlement to service connection for a cervical spine disorder, a left ankle disorder, a left foot disorder, and a disorder of the bilateral knees, are remanded.

Unfortunately, these matters must be remanded once more in order to afford the Veteran adequate VA examinations and to obtain acceptable medical opinions as to etiology. 

The VA examiner with whom the Veteran met in February 2019 in relation to his claims for service connection for foot and ankle disorders indicated only that the claimed conditions were “acute only” during service, and that because “[t]here [was] no evidence of chronicity of care…[a] nexus has not been established.” There is no additional reasoning associated with these negative etiological opinions, and no indication that consideration was given to the Veteran’s credible lay statements regarding the in-service injury associated with these claimed disabilities, or the continuity of symptomatology since separation. Thus, on remand, new VA examinations of the Veteran’s left foot and left ankle must be conducted, and adequate medical opinions as to etiology obtained.

With regard to the Veteran’s knees, again, the February 2012 VA examiner indicated only that because 13 years passed between separation and “the earliest report of the condition…[a] [n]exus [was] not established.” This opinion is inadequate, as it is conclusory and again fails adequately to consider the Veteran’s credible lay statements, specifically that following his in-service knee injury he experienced symptoms on an ongoing basis through the appeal period, and that his left knee disability manifested as a result of gait changes associated with the right knee injury and its residuals. On remand, a new VA examination must be conducted, and an adequate medical opinion obtained.

Finally, with respect to the Veteran’s diagnosed degenerative disc disease of the cervical spine, a new VA examination and opinion as to etiology are required. The examiner offered only the condition in service was “acute” and there was “no evidence of chronicity of care,” thus “a nexus has not been established.” As explained above, this is insufficient. 

The matters are REMANDED for the following action:

1. After obtaining the necessary authorization, update the file with any VA or private treatment records relevant to the Veteran’s claims. If any requested records are unavailable, the Veteran should be notified to that effect.

2. Then, schedule the Veteran for a VA examination to explore the etiology of his left ankle disorder. All indicated tests and studies should be conducted and all clinical findings reported in detail. The entire claims file should be made available to and be reviewed by the examiner in conjunction with this request.

Please identify by medical diagnosis the Veteran’s left ankle disorder or disorders. For each diagnosis, the examiner should state whether it is at least as likely as not (e.g. at least a 50 percent probability or greater) that the condition began in service or is otherwise related to service.

The examiner should consider the Veteran’s credible lay statements of onset and continuity when rendering the opinion.

3. Schedule the Veteran for a VA examination to explore the etiology of his left foot disorder. All indicated tests and studies should be conducted and all clinical findings reported in detail. The entire claims file should be made available to and be reviewed by the examiner in conjunction with this request.

Please identify by medical diagnosis the Veteran’s left foot disorder or disorders. For each diagnosis, the examiner should state whether it is at least as likely as not (e.g. at least a 50 percent probability or greater) that the condition began in service or is otherwise related to service.

The examiner should consider the Veteran’s credible lay statements of onset and continuity when rendering the opinion.

4. Schedule the Veteran for a VA examination to explore the etiology of his bilateral knee disorder. All indicated tests and studies should be conducted and all clinical findings reported in detail. The entire claims file should be made available to and be reviewed by the examiner in conjunction with this request.

Please identify by medical diagnosis the Veteran’s knee disorder or disorders. For each diagnosis, the examiner should state whether it is at least as likely as not (e.g. at least a 50 percent probability or greater) that the condition began in service or is otherwise related to service.

The examiner should consider the Veteran’s credible lay statements of onset and continuity when rendering the opinion.

If it is determined that the Veteran’s right knee disorder is etiologically related to service, the examiner should state whether it is at least as likely as not (e.g. at least a 50 percent probability or greater) that a diagnosed left knee disorder has been caused or aggravated beyond its normal course of progression by the Veteran’s right knee disorder.

5. Schedule the Veteran for a VA examination to explore the etiology of his cervical spine disorder. All indicated tests and studies should be conducted and all clinical findings reported in detail. The entire claims file should be made available to and be reviewed by the examiner in conjunction with this request.

Please identify by medical diagnosis the Veteran’s cervical spine disorder or disorders. For each diagnosis, the examiner should state whether it is at least as likely as not (e.g. at least a 50 percent probability or greater) that the condition began in service or is otherwise related to service.

The examiner should consider the Veteran’s credible lay statements of onset and continuity when rendering the opinion.

6. Review the opinion and any examination report to ensure that it is in complete compliance with the directives of this remand. If the opinion or report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998).

7. After completing the requested actions, readjudicate the issues remaining on appeal. If any benefit sought on appeal is not granted, the Veteran and his representative must be furnished a supplemental statement of the case.

 

 

GAYLE STROMMEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Z. Sahraie, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.