﻿Citation Nr: 19172650
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 09-42 870
DATE: September 18, 2019 

REMANDED

Entitlement to rating in excess of 20 percent for a cervical spine disability described as a C5-6 disc bulge is remanded. 

REASONS FOR REMAND

The Veteran served on active duty in the United States Marine Corps from August 1972 to October 1974. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an November 2008 rating decision issued by the Department of Veteran Affairs (VA) Regional Office (RO).

In February 2017, the Board issued a decision denying a rating greater than 20 percent for the Veteran’s cervical spine disability. The Veteran filed an appeal to the Court of Appeals of Veterans Claims (CAVC) contesting the Board’s February 2017 decision. In January 2018, CAVC vacated and remanded the Board’s decision for compliance with the instruction in a Joint Motion Remand (JMR). 

The JMR explained that the Board erred when it did not ensure the VA complied with its duty to assist under the requirements of 38 U.S.C. § 5103A and 38 C.F.R. § 3.159(c) by obtaining an adequate medical examination and opinion. 

The Board issued a remand in August 2018 directing the RO to obtain a new VA

examination to assess the current nature and severity of the Veteran’s service-connected cervical spine disability. The directives required that the examiner must specifically express an opinion concerning whether there would be additional limitations of functional ability on repeated use or during flare-ups. A remand by the Board confers upon the Veteran, as a matter of law, the right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 

Although the RO obtained a new VA examination, the Board finds that the RO did not substantially comply with the remand directives because the January 2019 medical opinion is inadequate. In the medical opinion, the examiner restated the statements of the Veteran whom described his limitations of repetitive lifting and flare-ups. However, the examiner did not provide his own assessment of how much additional loss of motion there was and did not provide an explanation for why an assessment was not given. For this reason, the examination provided was inadequate. Sharp v. Shulkin, 29 Vet. App. 26, 36 (2017).

While additional delay is regrettable, the Board finds that another remand is required to fairly decide the Veteran’s claim. 

Accordingly, the case is REMANDED for the following action:

1. Obtain an addendum opinion by an appropriate clinician to specifically render an opinion concerning whether there would be additional limitations of functional ability on repeated use or during flare-ups, and, to the extent possible, provide an assessment of the functional impairment on repeated use or during flare-ups. 

The entire claims file, including a copy of this remand, must be made available to the clinician for review. The clinician should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s cervical spine disability under the rating criteria. 

If the clinician is unable to render an opinion, the clinician must provide a detailed explanation and rationale for why an opinion could not be rendered. In doing so, the clinician shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

2. Then, readjudicate the claim on appeal. If the determination remains unfavorable to the Veteran, furnish a supplemental statement of the case. 

 

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Harris, Attorney Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.