﻿Citation Nr: AXXXXXXXX
Decision Date: 01/30/20 Archive Date: 01/30/20

DOCKET NO. 190613-25966
DATE: January 30, 2020

REMANDED

Service connection for irritable bowel syndrome (IBS), with a history of Meckel’s diverticulum, is remanded.

REASONS FOR REMAND

The Veteran had active service from September 1971 to November 1973.

The Veteran had a hearing before a Veterans Law Judge in January 2017. In July 2017, the Board remanded the claim for additional development. In June 2019, he selected the Direct Review lane when he opted in to the Appeals Modernization Act (AMA), by submitting a Direct Review Request form.

1. Service connection for IBS, with a history of Meckel's diverticulum, is remanded.

Unfortunately, there has not been substantial compliance with the Board’s previous remand directives. Another remand is required. Stegall v. West, 11 Vet. App. 268, 271 (1998).

As noted in the July 2017 Board remand, the Veteran has various gastrointestinal diagnoses, including a history of Meckel’s diverticulum, IBS, hiatal hernia, gastritis, and erosive esophagitis. Service treatment records (STRs) show a complaint of abdominal pain, cramping, and tenderness. Private and VA medical evidence confirms that he has a diagnosis of Meckel’s diverticulum, a congenital defect. 

A congenital defect can be subject to superimposed disease or injury, and if superimposed disease or injury occurs during military service, service-connection may be warranted for the resultant disability. VAOPGCPREC 82-90, 55 Fed. Reg. 45, 711 (1990). See also 38 C.F.R. § 3.303(c).

The July 2010 VA examiner opined that the Veteran’s stomach disability is not caused by or a result of service and noted that Meckel’s diverticulum is congenital. The Board found that an opinion was necessary to determine whether the Veteran’s in-service symptoms reflect pathology superimposed on his congenital Meckel’s diverticulum or the onset of a currently diagnosed acquired gastrointestinal disability. Although a new May 2019 VA examination was obtained, that VA examiner also failed to comment on the congenital disorder. An adequate VA medical opinion is still necessary.

The matters are REMANDED for the following actions:

1. The AOJ should arrange for a gastrointestinal diseases VA medical opinion to ascertain the nature and likely etiology of his gastrointestinal disabilities. The Veteran’s entire record (to include this remand) must be reviewed by the examiner in conjunction with the examination. If a new VA examination is deemed warranted, one should be obtained.

Based on the evidence of record, to include the Veteran’s lay statements, the VA medical opinion provider must provide opinions that respond to the following:

(a) Please identify (by diagnosis) each gastrointestinal disability entity found.

(b) Please identify the likely etiology for EACH gastrointestinal disability entity diagnosed – to include IBS. Specifically, is it at least as likely as not (a 50% or better probability) that such disability was incurred in or caused by the Veteran’s active duty service. 

(c) If Meckel’s diverticulum is found, the examiner should state whether the Veteran’s Meckel’s diverticulum constitutes a congenital or developmental defect or a disease (per VAOPGCPREC 82-90, in general, a congenital abnormality that is subject to improvement or deterioration is considered a disease).

(i) If the Meckel’s diverticulum is considered a defect, was there additional disability due to disease or injury superimposed upon such defect during service? If so, please identify the additional disability (please note if the additional disability is also a current disability). 

(ii) If the Meckel’s diverticulum is a disease, did it clearly and unmistakably pre-exist his entry to active duty?

(A) If there is clear and unmistakable evidence that Meckel’s diverticulum pre-existed service, the examiner is asked to opine as to whether there is clear and unmistakable evidence that the pre-existing did not undergo an increase in the underlying pathology during service, i.e., was not aggravated during service. 

If there was an increase in severity the examiner should offer an opinion as to whether such increase was clearly and unmistakably due to the natural progress of the disease. 

(B) If there is no clear and unmistakable evidence that Meckel’s diverticulum pre-existed service, then the examiner is asked whether it is at least as likely as not that the disorder is directly related to service, to include the Veteran’s in-service complaints of abdominal pain, cramping and tenderness.

The examiner should consider all medical evidence of record, to include pertinent medical evidence such as the September 2011 and May 2012 letters from Dr. W.H.G. and February 2017 letter from Dr. E.R.D. (all received in August 2017), private medical records (including the post-service 1976 St. Luke’s Hospital records received in September 2010), service treatment records, VA medical records, and prior VA examinations. All opinions should include rationale (if possible, with citation to supporting factual data or medical literature). 

 

 

H.M. WALKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Lindio

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.