Citation Nr: 21049985
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 20-19 530
DATE: August 13, 2021

REMANDED

Entitlement to an increased rating for non-Hodgkin's lymphoma (inactive) with anemia is remanded.

REASONS FOR REMAND

The Veteran had active duty service from March 1964 to September 1964.

This matter is on appeal to the Board of Veterans' Appeals (Board) from the April 2017 rating decision of the Agency of Original Jurisdiction (AOJ) by the Department of Veterans Affairs (VA) Regional Office (RO) which, in pertinent part, granted service connection for non-Hodgkin's lymphoma and assigned a 0 percent rating, effective February 16, 2017. 

In the May 2021 rating decision, the AOJ increased the Veteran's assigned rating from 0 percent to 10 percent, effective January 6, 2021.

The Veteran testified at an AOJ Decision Review Officer (DRO) hearing at the AOJ in June 2018. A transcript of that hearing is of record. The Board remanded the case for additional development in September 2020. 

Most recently, in March 2021, the Board remanded the case for additional development. The Board finds that the Regional Office (RO) substantially complied with the Board's remand instructions. See Stegall v. West, 11 Vet. App. 268 (1998).

Entitlement to a compensable rating for non-Hodgkin's lymphoma (inactive) with anemia is remanded.

The Veteran seeks a higher rating for his non-Hodgkin's lymphoma (inactive) with anemia disability. 

In January 2021, the Veteran was afforded a VA examination for hematologic and lymphatic conditions. The examiner indicated that the Veteran was diagnosed with non-Hodgkin's lymphoma, indolent and non-contiguous phase of low-grade NHL, and iron deficiency anemia. Over the last 10 years the Veteran has had two iron infusions, but only one within the past few years. The examiner stated that the Veteran's lymphatic condition was in remission. The examiner indicated that continuous medication was required for control of a hematologic or lymphatic condition, including anemia or thrombocytopenia caused by treatment for a hematologic or lymphatic condition. Specifically, the Veteran treats his lymphatic condition with multivitamins with iron, or other supplements. 

The examiner opined that the Veteran's erectile dysfunction, constipation, and urine/bowel leakage were less likely than not (less than 50 percent probability) proximately due to or the result of the Veteran's service-connected non-Hodgkin's lymphoma (inactive) with anemia disability. As to the rationale, the examiner explained, that the Veteran was diagnosed with non-Hodgkin's lymphoma in 1994, had a recurrence in 2001, and was treated with chemotherapy and radiation. The Veteran's erectile dysfunction, constipation, and urine/bowel leakage manifested after the Veteran's prostate cancer in 2006 which was treated by a DaVinci radical prostatectomy. The examiner indicated that the Veteran had other conditions that can contribute to constipation. 

The examiner explained that the Veteran's non-Hodgkin's lymphoma is stable and in remission. The Veteran is not on any medications at this time except for his multivitamin with iron. The examiner stated that all of the above conditions started after the prostate cancer in 2006 and/or the diagnosis of Parkinson's disease 8-10 years ago, and they are stable with the use of supplements. 

In this case, the January 2021 VA examiner did not provide an opinion as to whether his erectile dysfunction, constipation, and urine/bowel leakage conditions were aggravated by his service-connected non-Hodgkin's lymphoma with anemia disability. A medical opinion as to secondary service connection is inadequate for the Board's decision as to aggravation if the issue of aggravation is not sufficiently addressed by the examiner. El-Amin v. Shinseki, 26 Vet. App. 136, 140 (2013). An examiner's determination that the disease or injury at issue is not "related to" the service-connected condition is not sufficient to address the aggravation issue. Id. Thus, this medical opinion is inadequate, because it only addresses the causation prong of secondary service connection. Although the issue before the Board is currently entitlement to an increased rating for the non-Hodgkin's lymphoma, it is necessary to determine the extent of symptomatology which can be traced to the disorder, to include on a secondary basis. 

The Board acknowledges that there are more recent examinations, but the examiners were not asked to provide secondary aggravation medical opinions regarding the Veteran's erectile dysfunction, constipation, or urine/bowel leakage conditions. In addition, the examiners did not have an opportunity to review recently obtained medical treatment records. 

The Board cannot make a fully informed decision on the issue of the Veteran's erectile dysfunction, constipation, and urine/bowel leakage conditions because no VA examiner has opined whether they were aggravated by his service connection non-Hodgkin's lymphoma (inactive) with anemia disability. Therefore, the claim must be remanded in order to obtain an opinion regarding aggravation.

In addition, the Board notes that when the case was remanded in March 2021, the Board instructed the RO to obtain certain treatment records and then afford the Veteran an examination to determine the severity of his non-Hodgkin's lymphoma with anemia. The Veteran was afforded a VA examination in April 2021. However, the requested treatment records were not added to the claims file until June 2021. Therefore, the examiner did not have an opportunity to review such records when preparing the examination report. Therefore, an addendum is required to afford the examiner an opportunity to review the records and offer an opinion as to whether the records contain any information which results in alteration of the findings and conclusions contained in the April 2021 examination report. In addition, the treatment records were not addressed in a supplemental statement of the case. 

The matter is REMANDED for the following action:

1. Obtain an addendum opinion from an appropriate clinician. The clinician must be provided with and review the entire claims file, to include a copy of this remand.

Following a review of the evidence of record, to include the Veteran's lay statements, the clinician should opine:

a. Whether the Veteran's erectile dysfunction, constipation, and urine/bowel leakage conditions are at least as likely as not (50 percent or greater probability) (1) proximately due to his service-connected non-Hodgkin's lymphoma (inactive) with anemia disability; or (2) aggravated beyond its natural progression by his service-connected non-Hodgkin's lymphoma (inactive) with anemia disability.

The examiner must provide the underlying reasons for any opinions provided. If the examiner is unable to provide this opinion without resorting to speculation, he or she must indicate why this is so.

If aggravation is shown, the examiner should quantify the degree of aggravation, if possible. The question of secondary aggravation must be addressed separately from the question of secondary causation. The examiner must note that an opinion to the effect that one disability is not "caused by," "a result of," or "secondary to" another disability does not answer the question of aggravation and will necessitate a further opinion.

b. The examiner should address whether the treatment records received after the April 2021 VA examination contain any information which results in alteration of the findings or conclusions contained in the April 2021 examination report. 

2. A complete rationale must be provided for any opinion or conclusion expressed. If the examiner is unable to provide any requested opinion, he or she must provide a thorough explanation.

3. Thereafter, readjudicate the claim. If the benefits sought on appeal remain denied, issue a supplemental statement of the case to the Veteran and his representative. Then return the appeal to the Board for further appellate review.

 

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Quist Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.