﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 191123-44994
DATE: June 30, 2020

ORDER

Entitlement to an evaluation in excess of 40 percent for L4-L5 and L5-S1 discogenic disease degenerative apophyseal joint arthrosis (i.e., a low back or lumbar spine disability), prior to February 3, 2014, is denied.

FINDING OF FACT

For the period at issue prior to February 3, 2014, the Veteran’s low back disability did not involve unfavorable ankylosis of his entire thoracolumbar spine, or entire spine (meaning when additionally considering the adjacent cervical segment), or incapacitating episodes having total duration of at least 6 weeks during a 12-month period. 

CONCLUSION OF LAW

For the period at issue prior to February 3, 2014, the criteria are not met for a rating in excess of 40 percent for the low back disability. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.40, 4.45, 4.59, 4.71a, Diagnostic Code (DC) 5243.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from January 1974 to May 1974 and from November 1979 to November 1982.

This appeal to the Board of Veterans’ Appeals (Board) originated from an October 2010 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

In March 2016, the Board issued a decision increasing the initial rating for the Veteran’s low back disability from 0 percent (noncompensable) to 10 percent for the initial period at issue prior to February 3, 2014. However, the Board denied a rating higher than 40 percent for this low back disability for the succeeding period since February 3, 2014, which also was then at issue. The Veteran appealed that decision to the higher U. S. Court of Appeals for Veterans Claims (CAVC/Court), which, in a December 2016 memorandum decision, set aside the Board’s decision to the extent it had denied an initial rating higher than 10 percent for the low back disability prior to February 3, 2014. The CAVC remanded this portion of the claim to the Board to address functional loss that was not considered by the available medical records. The Court, instead, affirmed the remaining portion of the Board’s decision denying a rating higher than 40 percent for the low back disability since February 3, 2014.

To comply with the Court’s memorandum decision, the Board, in turn, remanded this claim in June 2017 and again in May 2018 – including especially to have the Veteran reexamined to reassess the severity of this low back disability, particularly in terms of ascertaining all consequent functional loss, even, if possible, in retrospect for the period at issue prior to February 3, 2014. There since has been the required substantial compliance with the Board's remand instructions. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (holding that a remand by the Board confers upon the Veteran, as a matter of law, the right to compliance with the remand instructions); but see also D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (holding that only "substantial" rather than strict or exact compliance with the Board's remand directives is required under Stegall); accord Dyment v. West, 13 Vet. App. 141, 146-47 (1999). 

On remand, the Veteran chose to participate in the Rapid Appeals Modernization Program (RAMP), which was VA’s test program in anticipation of transitioning into the new appeals process (Appeals Modernization Act (AMA)) in February 2019. He selected the Higher-Level Review lane when submitting his RAMP election form. However, the Agency of Original Jurisdiction (AOJ), i.e., RO, discovered a duty to assist error on its part and consequently reverted the claim to the supplemental lane, which, in turn, permitted having the Veteran undergo another VA examination reassessing the severity of his low back disability. 

After considering the results of that VA examination and the other evidence of record, the RO issued a decision in March 2019 increasing the rating for the Veteran’s low back disability to 40 percent retroactively effective as of March 31, 2010 (so as of an earlier effective date – therefore prior to February 3, 2014 and, in fact, back to the effective date of the grant of service connection for this disability). He therefore now has had this higher 40 percent rating for his low back disability for the entire period under review. Consequently, this appeal now concerns whether he was entitled to a rating even higher than 40 percent prior to February 3, 2014 (since the Board already determined in its prior March 2016 decision, which the CAVC affirmed on appeal, that he has not been entitled to a rating higher than 40 percent for this disability since February 3, 2014).

When appealing the March 2019 RAMP rating decision to the Board, the Veteran elected “direct review” of his claim – meaning the Board must decide the appeal based on the evidence of record at the time of the AOJ’s (RO’s) RAMP decision. 

Entitlement to a rating higher than 40 percent for the low back disability for the remaining period at issue prior to February 3, 2014

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities (Rating Schedule), which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. 

 

When evaluating the severity of a disability, it is essential that the disability is considered in the context of the entire recorded history. 38 C.F.R. § 4.1; Peyton v. Derwinski, 1 Vet. App. 282 (1991). Where entitlement to compensation already has been established and an increase in the disability rating is at issue, the present level of disability is of primary importance. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). 

If the disability picture more closely approximates the criteria for the higher of two ratings, the higher rating will be assigned; otherwise, the lower rating is assigned. 38 C.F.R. § 4.7. In general, it is not expected that all cases will show all the findings specified; however, findings sufficiently characteristic to identify the disease and the disability therefrom and coordination of rating with impairment of function will be expected in all instances. 38 C.F.R. § 4.21. When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability, such doubt will be resolved in favor of the Veteran. 38 C.F.R. § 4.3.

According to the General Rating Formula for Diseases and Injuries of the Spine, a higher 50 percent rating is warranted for unfavorable ankylosis of the entire thoracolumbar (thoracic and lumbar) spine, and an even higher 100 percent rating is warranted for unfavorable ankylosis of the entire spine (meaning when additionally considering the adjacent cervical segment). 38 C.F.R. § 4.71a, DCs 5235-5242.

Intervertebral Disc syndrome (IVDS) (preoperatively or postoperatively) may be evaluated either under the General Rating Formula for Diseases and Injuries of the Spine or under the Formula for Rating IVDS Based on Incapacitating Episodes (IVDS Formula), whichever method results in the higher evaluation when all disabilities are combined. See 38 C.F.R. § 4.25 (combined ratings table). 

The Formula for Rating IVDS Based on Incapacitating Episodes provides for a higher 60 percent disability rating for IVDS when there are incapacitating episodes having a total duration of at least six weeks during the past 12 months. An incapacitating episode is defined as a period of acute signs and symptoms due to IVDS that required bed rest prescribed by a physician and treatment by a physician. 38 C.F.R. § 4.71a, DC 5243, including Note (1).

Any associated objective neurologic abnormalities are to be evaluated separately, under an appropriate diagnostic code. 38 C.F.R. § 4.71a, DCs 5235-42, Note (1).

The evaluation of the same disability under various diagnoses, however, known as "pyramiding", is to be avoided. 38 C.F.R. § 4.14.

For the remaining period at issue prior to February 3, 2014 (and dating back to March 31, 2010), the Veteran's low back disability is rated as 40-percent disabling under DC 5243. No higher rating is warranted under this DC. The Board has carefully reviewed the record on appeal and finds that it does not reflect that he had incapacitating episodes of at least 6 weeks or unfavorable ankylosis of his entire thoracolumbar spine, so certainly not entire spine, at any point during this relevant rating period being considered such that a rating greater than 40 percent is warranted. 

A September 2010 VA examination found no favorable or unfavorable ankylosis of the spine and was equally unremarkable for a diagnosis of IVDS and consequent incapacitating episodes – including especially as defined by Note (1) in DC 5243. 

The Veteran’s Social Security Administration (SSA) records also are unremarkable for indication of ankylosis of his spine or incapacitating episodes requiring physician prescribed bed rest – certainly not of the frequency and duration required for a rating higher than 40 percent under DC 5243. According to his SSA records, he was unable to shower or dress on his own, to do chores, and had difficulty lifting, walking, climbing stairs, squatting, bending, kneeling, locking, and reaching. In other words, he had functional loss owing to limits of his range of motion and other low back impairment, but that is not tantamount to concluding he had the required unfavorable ankylosis of his thoracolumbar spine or entire spine. Ankylosis is defined as "immobility and consolidation of a joint due to disease, injury, or surgical procedure." Dorland's Illustrated Medical Dictionary, 94 (32nd ed. 2012). In other words, the spine is fixated (often referred to as “frozen”) in a certain position – either favorable or unfavorable. 38 C.F.R. § 4.71a, Note (5). In this circumstance there is no spinal motion at all, and the Veteran’s range of motion is not restricted to this extreme extent.

The additional functional loss the Veteran has is contemplated by his existing 40 percent rating for his low back disability. See Mitchell v. Shinseki, 25 Vet. App. 32, 44 (2011). Furthermore, he has not contended that he has ankylosis of his thoracolumbar spine or entire spine or incapacitating episodes (again, meaning physician prescribed bed rest) having a total duration of at least 6 weeks in a year. 

Thus, the preponderance of the evidence is against assignment of a rating higher than 40 percent for this low back disability, so the benefit-of-the-doubt doctrine is inapplicable, and this claim must be denied. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

 

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Hamm, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.