﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 190902-32939
DATE: June 30, 2020

REMANDED

Entitlement to service connection for lattice degeneration, bilateral eyes, is remanded.

Entitlement to service connection for incipient cataracts, bilateral eyes, is remanded.

Entitlement to service connection for allergic conjunctivitis, bilateral eyes, is remanded.

Entitlement to service connection for melanosis of the lower conjunctiva, bilateral eyes, is remanded.

Entitlement to service connection for dry eye syndrome, bilateral eyes, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from October 1965 to September 1991.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a November 2007 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

This matter was previously before the Board in September 2015 when it was remanded for further development. 

A Supplemental Statement of the Case (SSOC) was issued in August 2019. Subsequently, the Veteran filed a Notice of Disagreement regarding the denial of service connection for his eye conditions under the AMA and selected the Direct Review lane. As such, the Board will only consider the evidence submitted prior to the August 2019 SSOC.

The Board notes that in an August 2019 rating decision, the RO granted service connection for hypertensive retinopathy, bilateral eyes. As this represents a full grant of the benefits sought, the issue is not on appeal before the Board.

1. Entitlement to service connection for lattice degeneration, bilateral eyes; and incipient cataracts, bilateral eyes

The Veteran contends that he suffers from lattice degeneration and incipient cataracts of his eyes as a result of his service.

In a May 2019 medical opinion, a VA examiner opined that the Veteran’s lattice degeneration and incipient cataracts of the bilateral eyes were less likely than not secondarily caused by or due to the Veteran’s long standing service-connected hypertension. The examiner noted that the Veteran was found to have the typical age-related cataract that is commonly seen in a person of his age. He added that hypertension is a known risk factor for a particular type of cataract and this cataract was not noted in the Veteran’s records. The examiner noted that lattice degeneration is a condition which involves thinning of the peripheral retina and hypertension is not a known cause for this condition.

The Board notes that the May 2019 medical opinion addressing secondary service connection did not include a discussion regarding aggravation of the Veteran’s lattice degeneration or incipient cataracts by his service-connected hypertension. While not requested in the Board’s remand instructions, such an opinion is necessary. See El-Amin v. Shinseki, 26 Vet. App. 136, 140 (2013). On remand, an addendum medical opinion that addresses aggravation must be obtained.

2. Entitlement to service connection for allergic conjunctivitis, bilateral eyes; melanosis of the lower conjunctiva, bilateral eyes; and dry eye syndrome, bilateral eyes

The Veteran contends that he suffers from allergic conjunctivitis, melanosis of the lower conjunctiva, and dry eye syndrome as a result of his service.

In the above-mentioned September 2015 remand, the Board directed the RO to associate a July 2007 VA examination report with the Veterans claims file. All efforts to obtain the record were to be fully documented and the facility was requested to provide a negative response if the record was not available.

After a thorough review of the evidence of record, the Board finds that the July 2007 VA examination report has not been associated with the Veteran’s claims file. There is also no evidence that the RO attempted to obtain the examination. Therefore, the Board finds that the development conducted does not adequately comply with the directives of the September 2015 remand. Compliance with a remand is not discretionary, and failure to comply with the terms of a remand necessitates remand for corrective action. Stegall v. West, 11 Vet. App. 268 (1998). 

The matters are REMANDED for the following action:

1. Associate with the claims file the July 2007 VA examination report for the Veteran’s claims on appeal. All records/responses received should be associated with the electronic file. All efforts to obtain the record should be fully documented, and the facility must provide a negative response if the record is not available.

2. Obtain an addendum opinion from an appropriate clinician regarding the following:

a) Is it at least as likely as not (a 50 percent chance or greater) that lattice degeneration, bilateral eyes, is proximately due to the Veteran’s service-connected hypertension?

b) Is it at least as likely as not (a 50 percent chance or greater) that incipient cataracts, bilateral eyes, is proximately due to the Veteran’s service-connected hypertension?

c) Is it at least as likely as not (a 50 percent chance or greater) that lattice degeneration, bilateral eyes, is aggravated beyond its natural progression by the Veteran’s service-connected hypertension? 

d) Is it at least as likely as not (a 50 percent chance or greater) that incipient cataracts, bilateral eyes, is aggravated beyond its natural progression by the Veteran’s service-connected hypertension?

Aggravation means an increase in disability – any additional impairment of earning capacity – of the nonservice-connected disability. 

(Continued on the next page)

 

If aggravation is found, the examiner must attempt to establish a baseline level of severity of the diagnosed disability prior to aggravation by the service-connected disability.

A fully articulated medical rationale for any opinion expressed must be set forth in the medical report. The examiner should discuss the particulars of this Veteran’s medical history and the relevant medical science as applicable to this case, which may reasonably explain the medical guidance in the study of this case.

 

 

M. Donohue

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Morrad, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.