Citation Nr: 21050006
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 08-26 323A
DATE: August 13, 2021

REMANDED

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from September 1976 to August 1983.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2007 rating decision that granted service connection for a right knee disability with a 10 percent rating. The Veteran testified before a Veterans Law Judge (VLJ) at a hearing in June 2012. In June 2021, the Veteran was informed by letter that the VLJ who presided over the June 2012 hearing is no longer with the Board, and given the opportunity to request another hearing. The Veteran did not respond. 

This matter was remanded several times before being denied in a September 2017 Board decision. The Veteran appealed the denial to the United States Court of Appeals for Veterans Claims (Court). In January 2019, the Court issued an order granting a Joint Motion for Remand (JMR), which served to vacate the September 2017 Board denial of entitlement to a TDIU. This matter was remanded for additional development in September 2019 and December 2020.

1. Entitlement to a TDIU is remanded.

Unfortunately, there has not been substantial compliance with the Board's previous remand directives. Stegall v. West, 11 Vet. App. 268, 271 (1998). Specifically, the December 2020 remand instructed the AOJ to obtain a medical opinion about the combined effects of the Veteran's service-connected right knee disabilities, and in doing so the clinician was to consider and discuss the July 2009 vocational report reflecting that the Veteran's highest educational level is a GED and that his prior work experience was in plumbing, carpentry, and construction that required heavy physical exertion. Unfortunately, the examiner's March 2021 opinion did not make any reference to the July 2009 vocational report. Another remand is required. 

Additionally, in the March 2021 knee examination the Veteran reported that he was still working in the area of flooring. Prior to this point the Veteran has stated that he was unable to work, and received disability benefits from the Social Security Administration (SSA). Upon remand, the Veteran should be asked to fill out a VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability, to help determine whether the Veteran's current work is full time and rises to the level of substantially gainful employment.

The matters are REMANDED for the following action:

1. Provide the Veteran with a VA Form 21-8940, Application for TDIU and request that he submit the completed form, with all appropriate information. If the Veteran does not return a VA Form 21-8940, contact him to clarify his reference to still working during the March 2021 knee examination. 

2. After completion of the above, obtain an addendum opinion from an appropriate clinician regarding the combined functional effects of the Veteran's service-connected right knee disabilities on his ability to perform the physical acts required for employment. In doing so, the clinician must consider and discuss all pertinent medical and other objective evidence, and all lay assertions, to specifically include the July 2009 vocation report from D.R. reflecting that the Veteran's highest educational level is a GED and that his prior work experience was in plumbing, carpentry, and construction/hardware sales that required heavy physical exertion. The vocational report is contained in the medical records received from the Social Security Administration in January 2014. The March 2021 opinion did not discuss this vocational report. If the clinician cannot provide the requested opinion without conducting a new examination, then a new examination should be requested.

 

 

M.E. Larkin

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Budd, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.